J-S65005-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSE RODRIGUEZ, | |
| Appellant | No. 3508 EDA 2016 |

Appeal from the Judgment of Sentence July 21, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009966-2011
MC-51-CR-0030479-2011

BEFORE:  OLSON, OTT, and MUSMANNO, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED OCTOBER 19, 2017**

Appellant, Jose Rodriguez, appeals from the judgment of sentence entered on July 21, 2016.  We affirm.

At docket number CP-51-CR-009966-2011 (hereinafter "docket number 9966-2011"), the Commonwealth charged Appellant with crimes that included possession of marijuana with the intent to deliver (hereinafter "PWID") and criminal conspiracy.[1]   The information alleged that Appellant committed the charged crimes on May 31, 2011.   Commonwealth's Information, 9/3/11, at 1.

Appellant entered a negotiated guilty plea to PWID and conspiracy at docket number 9966-2011 and, on November 3, 2011, the trial court

---

[1] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S.A. § 903, respectively.

sentenced Appellant to serve an aggregate term of four years of probation for his convictions.  *See* Sentencing Order, 11/3/11, at 1.

At docket number CP-51-CR-0014026-2012 (hereinafter "docket number 14026-2012"), the Commonwealth charged Appellant with crimes that included possession of heroin with the intent to deliver (hereinafter "PWID") and criminal conspiracy.[2]  The information alleged that Appellant committed the charged crimes on June 5, 2012.  Commonwealth's Information, 12/5/12, at 1.

Appellant entered a negotiated guilty plea to PWID and conspiracy at docket number 14026-2012 and, on January 16, 2013, the trial court sentenced Appellant to serve an aggregate term of 12 months of intermediate punishment, followed by two years of probation, for his convictions at that docket number.  *See* Sentencing Order, 1/16/13, at 1.

Appellant's convictions at docket number 14026-2012 caused him to violate the conditions of his probation at docket number 9966-2011.  Thus, following a violation of probation hearing at docket number 9966-2011, the trial court resentenced Appellant on September 10, 2014, to serve an aggregate term of five years of probation.  *See* Sentencing Order, 9/10/14, at 1.

As the trial court explained:

_____

[2] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S.A. § 903, respectively.

- 2 -

On May 31, 2015, while [Appellant was on probation at both of the above docket numbers, Appellant] was arrested for attempted murder and related charges. On March 8, 2016, [Appellant] was found guilty of attempted murder and related charges[ and,] on May 13, 2016, [Appellant] was sentenced to [serve 12 to 25 years in prison,] followed by five [] years of probation [for the convictions].

Trial Court Opinion, 3/3/17, at 1 (some internal capitalization omitted).

On July 21, 2016, the trial court held a violation of probation hearing at docket numbers 9966-2011 and 14026-2012. The trial court found that Appellant's attempted murder conviction placed him in direct violation of the terms of his probation at both docket numbers. N.T. VOP Hearing, 7/21/16, at 5. The trial court then revoked Appellant's probation at both docket numbers and sentenced Appellant to serve a term of five to ten years in prison at docket number 9966-2011 and to serve a term of five to ten years in prison at docket number 14026-2012. *Id.* at 5-6. The trial court ordered that the terms of imprisonment be served consecutively to one another and consecutively to the term of imprisonment Appellant received at the docket number encompassing his attempted murder conviction. *Id.*

On July 22, 2016, Appellant filed a "Petition to Vacate and Reconsider VOP Sentence" (hereinafter "Appellant's Motion to Modify Sentence") and listed both docket numbers in the caption. *See* Appellant's Motion to Modify Sentence, 7/22/16, at 1. Within Appellant's motion to modify, Appellant requested that the trial court vacate his sentences at docket numbers 9966-2011 and 14026-2012 because his counsel "had a conflict of interest in this matter and should not have represented [Appellant] in this matter." *Id.* at

1-2. Further, Appellant claimed that his sentences were manifestly excessive, as they "far surpassed what was required to protect the public, the complainant or the community, and was well beyond what was necessary to foster [Appellant's] rehabilitation." *Id.* at 2.

On July 26, 2016, the trial court vacated Appellant's sentences at docket numbers 9966-2011 and 14026-2012, appointed new counsel to represent Appellant, and scheduled a resentencing hearing for a later date. Trial Court Order, 7/26/16, at 1.

The trial court held the resentencing hearing on October 13, 2016. At the conclusion of the hearing, the trial court resentenced Appellant to serve the same terms of incarceration that it originally imposed. N.T. Resentencing Hearing, 10/13/16, at 8-9. Moreover, the trial court noted on both dockets that Appellant's "motion for reconsideration of VOP sentence" was denied. *See* Docket Number 9966-2011, at Entry 10/13/16; Docket Number 14026-2012, at Entry 10/13/16.

On November 12, 2016, Appellant filed timely notices of appeal at both docket numbers. The current appeal is from Appellant's judgment of sentence at docket number 9966-2011.[3] Appellant raises two claims in this appeal:

_____

[3] Appellant's appeal from the judgment of sentence at docket number 14026-2012 is addressed in a separate memorandum at No. 3650 EDA 2016.

> 1. Whether the sentencing court abused its discretion by imposing an aggregate sentence of [ten] to 20 years' incarceration upon [Appellant] which is manifestly excessive[?]
>
> 2. Whether the sentencing court abused its discretion by not considering all relevant sentencing by inadequately dispensing with the PSI and the dictates of Pa.R.Crim.P. 702[?]

Appellant's Brief at 7.

Appellant's claims challenge the discretionary aspects of his sentence. *See Commonwealth v. Lee*, 876 A.2d 408 (Pa. Super. 2005) (claim that the trial court erred in imposing an excessive sentence is a challenge to the discretionary aspects of a sentence); *Commonwealth v. Gonzalez-Dejusus*, 994 A.2d 595 (Pa. Super. 2010) (claim that the trial court erred in imposing consecutive sentences is a challenge to the discretionary aspects of a sentence); *Commonwealth v. Flowers*, 950 A.2d 330, 331 (Pa. Super. 2008) ("a claim that the court erred in failing to order a PSI report raises a discretionary aspect of sentencing" claim).

We note that, in an appeal following the revocation of probation, our scope of review includes discretionary aspects of sentencing claims. *Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*). With respect to our standard of review, we have held that "sentencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion." *Commonwealth v. Ritchey*, 779 A.2d 1183, 1185 (Pa. Super. 2001). Moreover, pursuant to statute, Appellant does not have an automatic right to

appeal the discretionary aspects of his sentence.  ***See*** 42 Pa.C.S.A. § 9781(b).  Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence.  ***Id.***

As this Court has explained:

> [t]o reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine:  (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. 720 [and 708(E)]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

***Commonwealth v. Cook***, 941 A.2d 7, 11 (Pa. Super. 2007); ***see also Cartrette***, 83 A.3d at 1042 ("issues challenging the discretionary aspects of a sentence [following the revocation of probation] must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings.  Absent such efforts, an objection to a discretionary aspect of a sentence is waived"); ***Commonwealth v. Kalichak***, 943 A.2d 285, 289 (Pa. Super. 2008) ("when a court revokes probation and imposes a new sentence, a criminal defendant needs to preserve challenges to the discretionary aspects of that new sentence either by objecting during the revocation sentencing or by filing a [motion to modify] sentence").

As our Supreme Court has held, the determination of whether a substantial question exists must be done prior to – and be divorced from – the determination of the potential merits of an issue.  ***Commonwealth v.***

- 6 -

***Tuladziecki***, 522 A.2d 17, 19 (Pa. 1987).  If it were otherwise, a challenger would "in effect obtain[] an appeal as of right from the discretionary aspects of a sentence" – a result that would violate statutory law.  ***Id***.  Further, as we have held:

> An appellant who seeks to challenge the discretionary aspects of his or her sentence must provide a separate statement, pursuant to Rule of Appellate Procedure 2119(f), specifying where the sentence falls in relation to the Sentencing Guidelines and what particular provision of the Sentencing Code has been violated.  The 2119(f) statement must specify what fundamental norm the sentence violates and the manner in which it violates that norm.

***Commonwealth v. Johnson***, 873 A.2d 704, 708 (Pa. Super. 2005) (internal citations omitted); ***see also Commonwealth v. Zirkle***, 107 A.3d 127, 132-134 (Pa. Super. 2014) ("[a]t a minimum, the Rule 2119(f) statement must articulate what particular provision of the code is violated, what fundamental norms the sentence violates, and the manner in which it violates that norm") (internal quotations and citations omitted).

First, Appellant claims that the trial court abused its discretion by imposing a manifestly excessive sentence.  With respect to this claim, Appellant's Rule 2119(f) statement merely declares:

> Appellant argues that his sentence is manifestly excessive such that it constitutes too severe a punishment.

Appellant's Brief at 13.

On appeal, the Commonwealth objects to Appellant's Rule 2119(f) statement and claims that Appellant's boilerplate allegation fails to satisfy

the minimum requirements of Rule 2119(f). Commonwealth's Brief at 7-8. Therefore, the Commonwealth claims that Appellant's discretionary aspect of sentencing claim is waived. ***Id.*** We agree. ***See***, ***e.g.***, ***Commonwealth v. Griffin***, 149 A.3d 349 (Pa. Super. 2016) ("[i]f the Commonwealth objects to the appellant's failure to comply with Pa.R.A.P. 2119(f), the sentencing claim is waived for purposes of review"); ***Commonwealth v. Karns***, 50 A.3d 158, 166 (Pa. Super. 2012) ("[i]f a defendant fails to include an issue in his Rule 2119(f) statement, and the Commonwealth objects, then the issue is waived and this Court may not review the claim") (internal quotations and citations omitted).

Appellant's boilerplate Rule 2119(f) statement does not satisfy the minimum requirements of the rule. ***Zirkle***, 107 A.3d at 132-134 (Pa. Super. 2014) ("[a]t a minimum, the Rule 2119(f) statement must articulate what particular provision of the code is violated, what fundamental norms the sentence violates, and the manner in which it violates that norm") (internal quotations and citations omitted); ***Commonwealth v. Mouzon***, 812 A.2d 617, 627 (Pa. 2002) ("[i]f an appellant . . . complies with all statutory and procedural requirements regarding a challenge to the discretionary aspects of sentencing, and articulates in his Rule 2119(f) statement a substantial question so as to warrant appellate review, § 9781 requires the Superior Court to review the manner in which the trial court exercised its discretion. **This does not mean, however, that the Superior Court must accept bald allegations of excessiveness**. Rather, only where the

**appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process, will such a statement be deemed adequate to raise a substantial question so as to permit a grant of allowance of appeal of the discretionary aspects of the sentence**") (emphasis added). To be sure, since Appellant's Rule 2119(f) statement consists of mere boilerplate, the only way this Court could possibly determine whether Appellant has raised a substantial claim on appeal is to review the argument section of Appellant's brief. Yet, as our Supreme Court has held:

> [the] Superior Court [is] not . . . permitted to rely on its assessment of the argument on the merits of the [discretionary aspects] issue to justify *post hoc* a determination that a substantial question exists. If this determination is not made prior to examination of and ruling on the merits of the issue of the appropriateness of the sentence, the [challenger] has in effect obtained an appeal as of right from the discretionary aspects of a sentence. It is elementary that such an enlargement of the appeal rights of a party cannot be accomplished by rule of court. For this reason it is essential that the rules of procedure governing appeals such as this be followed precisely.

*Tuladziecki*, 522 A.2d at 19.

Therefore, in this case, since Appellant has failed to comply with the minimum requirements of Rule 2119(f) and since the Commonwealth has

objected to Appellant's failure, we must conclude that Appellant has waived his first claim on appeal.

For Appellant's second claim on appeal, Appellant contends that the trial court abused its discretion at sentencing by failing to order a pre-sentence investigation report. Appellant's Brief at 15-17. This claim is waived, as Appellant did not raise the claim in his motion to modify sentence. Appellant's Motion to Modify Sentence, 7/22/16, at 1-2; *Cartrette*, 83 A.3d at 1042; *Kalichak*, 943 A.2d at 289.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/19/2017