J-S19015-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| PALMAS C. ROBERTS | : | |
| Appellant | : | No. 3777 EDA 2016 |

Appeal from the Judgment of Sentence July 19, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0010482-2015

BEFORE:   SHOGAN, J., NICHOLS, J., and PLATT*, J.

MEMORANDUM BY SHOGAN, J.:                                    Filed July 20, 2018

Appellant, Palmas C. Roberts, appeals from the July 19, 2016 judgment of sentence imposed following his convictions of first-degree murder, robbery, conspiracy to commit robbery, possession of an instrument of crime ("PIC"), and violation of the Uniform Firearms Act ("VUFA").[1]  We affirm.

In its Pa.R.A.P. 1925(a) opinion, the trial court provided a thorough recitation of the facts.  To briefly summarize, however, on July 19, 2016, a jury convicted Appellant of murder of the first degree, robbery, conspiracy to commit robbery, and PIC for the murder and robbery of a drug dealer.  Trial Court Opinion, 6/28/17, at 2-6.  On that same day, Appellant was sentenced

_____

[1] 18 Pa.C.S. §§ 2502(a), 3701(a)(1)(i), 903, 907(a), and 6105(a)(1) respectively.

_____

*  Retired Senior Judge assigned to the Superior Court.

as follows: (1) on the charge of murder of the first degree, life without the possibility of parole; 2) on the charge of robbery, ten to twenty years of incarceration to be served consecutively to the sentence for murder; 3) on the charge of conspiracy to commit robbery, ten to twenty years of incarceration to be served consecutively to the sentence for robbery; and 4) on the charge of possession of an instrument of a crime, two and one-half to five years of incarceration to be served consecutively to the sentence for conspiracy. N.T., 7/19/16, at 48-50.

Following Appellant's jury trial, the trial court held a waiver trial on the VUFA charge. The trial court convicted Appellant of VUFA and sentenced Appellant to an additional five to ten years of incarceration to run consecutively to the sentence for PIC. N.T., 7/19/16, at 49-50. This resulted in an aggregate sentence of life without the possibility of parole, followed by a consecutive term of twenty-seven and one-half to fifty-five years of imprisonment. *Id.* at 48-50.

On July 27, 2016, Appellant filed a timely post-sentence motion for the modification of his sentence and for a new trial. In his post-sentence motion Appellant averred that the verdict was against the weight of the evidence and that the sentence constituted cruel and unusual punishment. On November 30, 2016, Appellant's post-sentence motion was denied by operation of law. Appellant filed a timely notice of appeal on December 10, 2016. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On October 4, 2017, this Court dismissed Appellant's appeal due to the failure to file a brief. Following a request for reconsideration filed by Appellant's counsel on October 5, 2017, this Court reinstated the appeal on October 23, 2017. This matter is now ripe for review.

On appeal, Appellant raises the following issues for this Court's consideration:

> [I.] Whether the verdict was against the sufficiency of the evidence when the critical cell phone records were not attributed to the appellant, there was no physical evidence, and an eyewitness does not identify the appellant as involved in the crime.
>
> [II.] Whether the consecutive sentence to Life without the possibility of Parole is cruel and unusual punishment when it takes away all hope even when redemption may be somewhere down the line.

Appellant's Brief at 3.

In Appellant's first issue, he purports to challenge the sufficiency of the evidence.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record

- 3 -

must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Estepp*, 17 A.3d 939, 943-944 (Pa. Super. 2011).

However, it is also well settled that an appellant's Pa.R.A.P. 1925(b) statement must specify the element or elements upon which the evidence was insufficient in order to preserve the issue for appeal. *Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa. Super. 2009) (internal quotation marks and citation omitted).

> Such specificity is of particular importance in cases where, as here, the [a]ppellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt. Here, Appellant not only failed to specify which elements he was challenging in his 1925 statement, he also failed to specify which convictions he was challenging.

*Id.* (citation omitted).

Here, Appellant's Pa.R.A.P. 1925(b) statement provided that, "The verdict was against the sufficiency of the evidence." Appellant's Pa.R.A.P. 1925(b) statement, 5/1/17, at 1. As noted, Appellant was convicted of multiple crimes each containing multiple elements, but in his Pa.R.A.P. 1925(b) statement, Appellant only provided a vague statement alleging insufficient evidence. Appellant's generic statement fails to identify the convictions and the elements he is challenging. For these reasons, we conclude that Appellant's sufficiency claim is waived due to the lack of specificity in his 1925(b) statement. *Gibbs*, 981 A.2d at 281.

Furthermore, we point out that Appellant's challenge to the sufficiency of the evidence largely challenges the credibility of witnesses. Appellant's Brief at 10. More specifically, he challenges the inconsistency of two witnesses' testimony as to who telephoned the victim before his murder, despite the identification of Appellant as the shooter by other witnesses. **Id.** A challenge to the credibility of a witness's testimony goes to the weight of the evidence, not the sufficiency of the evidence. **Gibbs**, 981 A.2d at 281-282. Issues of witness credibility necessarily include questions of inconsistent testimony and are for the factfinder to resolve. **Commonwealth v. Sanchez**, 36 A.3d 24, 39 (Pa. 2011). Nevertheless, Appellant fails to develop any argument concerning the weight of the evidence. Accordingly, this issue is waived. **See Commonwealth v. McMullen**, 745 A.2d 683 (Pa. Super. 2000) (finding issues waived where Appellant failed to develop any argument).[2]

We turn now to Appellant's second issue wherein he avers that his sentence is cruel and unusual punishment because it "takes away all hope." Appellant's Brief at 11. Appellant asserts that the sentence of twenty-seven to fifty-five years of imprisonment consecutive to life without the possibility of

---

[2] Appellant also alleges that the evidence was insufficient to sustain the guilty verdict because of the lack of physical evidence. However, eyewitness testimony, if believed by the jury, is sufficient to sustain a conviction. **See Commonwealth v. Johnson**, 180 A.3d 474, 481 (Pa. Super. 2018) (concluding that a solitary witness's testimony is sufficient evidence to prove the commission of a crime).

parole is cruel and unusual. ***Id.*** Appellant acknowledges that the mandatory sentence of life without parole for first-degree murder is not at issue because the sentencing court had no discretion regarding that sentence. Appellant's Brief at 11. Appellant only takes issue with the twenty-seven and one-half to fifty-five year that was ordered to run consecutively to the life sentence. ***Id.***

Challenges to the consecutive nature of a sentence implicate the discretionary aspects of a sentence. ***Commonwealth v. Gonzalez-Dejusus***, 994 A.2d 595 (Pa. Super. 2010). When an appellant challenges the discretionary aspects of his sentence there is no automatic appeal; rather, the appeal will be considered a petition for allowance of appeal. ***Commonwealth v. W.H.M.***, 932 A.2d 155, 162 (Pa. Super. 2007). Furthermore, as this Court noted in ***Commonwealth v. Moury***, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. §9781(b).

***Id***. at 170 (citing ***Commonwealth v. Evans***, 901 A.2d 528 (Pa. Super. 2006)).

Appellant has satisfied the first two elements of the four-part test from *Moury*. Appellant filed a timely post-sentence motion and notice of appeal. However, Appellant failed to include the necessary Pa.R.A.P. 2119(f) statement, and the Commonwealth objected. Commonwealth's Brief at 11. Accordingly, Appellant waived his challenge to the discretionary aspects of his sentence. ***Commonwealth v. Griffin***, 149 A.3d 349, 354 (Pa. Super. 2016).[3]

Finally, to the extent that Appellant's four-sentence analysis[4] can be deemed an argument that his sentences are illegal,[5] we reiterate that in addition to first-degree murder, Appellant was convicted of committing: (1) robbery, graded as first-degree felony; (2) conspiracy, graded as a first-degree felony; (3) VUFA, graded as a second-degree felony; and (4) PIC, graded as first-degree misdemeanor. For these four counts, Appellant was sentenced to ten to twenty years, ten to twenty years, five to ten years, and two and one-half to five years of incarceration, respectively.

---

[3] Because we concluded that Appellant waived his challenge to the discretionary aspects of his sentence due to his failure to provide a Pa.R.A.P. 2119(f) statement, we need not address the substantial-question prong of the test from ***Moury***.

[4] Appellant's Brief at 11.

[5] We further note that even if Appellant's woefully undeveloped argument did not constitute a challenge to the legality of his sentence, this Court may address the legality of a sentence *sua sponte*. ***Commonwealth v. Dennis***, 164 A.3d 503, 510-511 (Pa. Super. 2017).

The statutory limits for first and second-degree felonies are set forth below:

[A] person who has been convicted of a felony may be sentenced to imprisonment as follows:

(1) In the case of a felony of the first degree, for a term which shall be fixed by the court at not more than 20 years.

(2) In the case of a felony of the second degree, for a term which shall be fixed by the court at not more than ten years.

18 Pa.C.S. § 1103(1)-(2). Similarly, a person who has been convicted of a misdemeanor of the first degree may be sentenced to imprisonment for up to five years. 18 Pa.C.S. § 1104(1). Thus, Appellant received legal sentences within the statutory limits for each of the aforementioned crimes.

Despite these legal sentences, Appellant baldly avers "There needs to be some dignity left." Appellant's Brief at 11. We note that Appellant does not explain how the sentences violate his dignity for these very serious crimes, and our own efforts were equally fruitless. Accordingly, we discern no constitutional infirmity in Appellant's sentence.

For the reasons set forth above, we conclude that Appellant is entitled to no relief. Therefore, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/20/2018