J-S76042-16

2016 PA Super 224

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TYRICE GRIFFIN | |
| Appellant | No. 241 EDA 2016 |

Appeal from the Judgment of Sentence December 3, 2015
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0008440-2014
CP-46-CR-0009241-2013

BEFORE: STABILE, J., DUBOW, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.: **FILED OCTOBER 18, 2016**

Appellant Tyrice Griffin appeals from the judgment of sentence entered by the Court of Common Pleas of Montgomery County after Appellant was convicted of three counts each of robbery, conspiracy, firearms not to be carried without a license, and person not to possess firearms.[1] Appellant contends that the trial court erred in imposing consecutive mandatory minimum sentences for his multiple robbery and conspiracy convictions pursuant to the second-strike provision of Pennsylvania's recidivist sentencing statute. In addition, Appellant argues the sentencing court abused its discretion in imposing the consecutive sentences. We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3701(a)(1)(ii), 903(a)(1), 6106(a)(1), and 6105(a)(1), respectively.

Appellant and his co-defendant, Carlos Garcia, were charged in connection with three armed robberies committed on October 8, 2013, October 12, 2013 and November 4, 2013, respectively, where Appellant and Garcia held up restaurants and bars located in Lancaster, Cumberland, and Montgomery Counties. The Montgomery County District Attorney's Office received permission from the Lancaster and Cumberland District Attorneys to prosecute Appellant for the robberies committed in the three counties.

Appellant was charged with the aforementioned offenses in two separate bills that were subsequently consolidated for trial. On June 12, 2015, a jury convicted Appellant of three counts each of robbery, conspiracy, and firearms not to be carried without a license. As the parties agreed to have a bifurcated trial in which Appellant waived his right to a jury on select charges, the trial court then convicted Appellant of three counts of person not to possess a firearm. Prior to sentencing, the Commonwealth notified Appellant of its intent to seek mandatory sentences under Pennsylvania's recidivism statute (42 Pa.C.S. § 9714 – sentences for second and subsequent offenses).

On December 3, 2015, the trial court held a sentencing hearing at which the parties agreed that Appellant was subject to the second-strike offender portion of Section 9714 based on Appellant's prior third-degree murder conviction. As such, the trial court imposed six second-strike mandatory minimum sentences of ten to twenty years imprisonment for Appellant's robbery and conspiracy convictions. All six sentences were set to

run consecutively. The trial court imposed no further penalty for the firearms convictions. As such, Appellant received an aggregate sentence of 60 to 120 years' imprisonment.

On December 11, 2015, Appellant filed a post-sentence motion which the trial court denied on December 16, 2015. Appellant filed a notice of appeal on January 14, 2016. Appellant complied with the trial court's direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises two issues for our review:

I.   Whether the trial court erred in imposing separate consecutive "second strike" sentencing enhancements for each of the offense of conspiracy and each of the underlying crimes which were the object of that conspiracy?

II.  Whether the sentencing court abused its discretion in imposing an aggregate sence [sic] of sixty to one hundred an [sic] twenty years sentence a conspiracy to (10) year sentences for each "crime of violence" arising out of the same criminal episode or transaction?

Appellant's Brief, at 5 (verbatim).

Appellant asserts that the trial court erred in imposing multiple second-strike sentencing enhancements for his convictions of robbery and conspiracy to commit robbery. Section 9714 of the Sentencing Code provides, in relevant part:

(a)   Mandatory sentence.

(1) Any person who is convicted in any court of this Commonwealth of a crime of violence shall, if at the time of the

commission of the current offense the person had previously been convicted of a crime of violence, be sentenced to a minimum sentence of at least ten years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. Upon a second conviction for a crime of violence, the court shall give the person oral and written notice of the penalties under this section for a third conviction for a crime of violence ...

42 Pa.C.S. § 9714(a)(1).

In a recent decision in **Commonwealth v. Fields**, --- Pa. ---, 107 A.3d 738 (2014), the Supreme Court interpreted the language of Section 9714(a)(1) to provide that multiple crimes of violence committed in the same criminal episode are each subject to the statutory sentencing enhancement for second-strike offenders. The Supreme Court read the text of Section 9714(a)(1) to require the sentencing enhancement for second-strike offenders as long as the defendant previously committed a crime of violence and his current offense is a crime of violence. **Id**. at 743. The parties agree that Appellant's prior murder conviction was a crime of violence and that all of Appellant's current offenses are crimes of violence. **See** 42 Pa.C.S. § 9714(g) (defining "crime of violence" to include robbery and conspiracy to commit robbery).

Appellant argues that the Supreme Court's precedent in **Fields** is not applicable to this set of facts where separate second-strike sentencing enhancements are imposed both for the conspiracy offense and the object of the conspiracy. Appellant offers no authority for this assertion but notes that Section 9714(g) defines a "crime of violence" as enumerated offenses

such as robbery **or** inchoate crimes like criminal conspiracy. Appellant asserts that the "use of the word 'or' is indicative of the Legislature's intent that the enhancement shall apply to either the principal offense or the conspiracy to commit the offense, but not both the conspiracy and the object thereof." Appellant's Brief, at 15.

For questions of statutory interpretation, our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Kingston**, No. 45 MAP 2015, 2016 WL 4273574, at *3 (Pa. filed Aug. 15, 2016) (citations omitted).

> In all matters involving statutory interpretation, we apply the Statutory Construction Act, 1 Pa.C.S. §§ 1501 *et seq.*, which directs us to ascertain and effectuate the intent of the General Assembly. 1 Pa.C.S. § 1921(a). To accomplish that goal, we interpret statutory language not in isolation, but with reference to the context in which it appears. **See Consulting Eng'rs Council of Penna. v. State Architects Licensure Bd.,** 522 Pa. 204, 560 A.2d 1375, 1377 (1989). A statute's plain language generally provides the best indication of legislative intent. **See**, **e.g., McGrory v. Dep't of Transp.,** 591 Pa. 56, 915 A.2d 1155, 1158 (2007); **Commonwealth v. Gilmour Mfg. Co.,** 573 Pa. 143, 822 A.2d 676, 679 (2003); **Penna. Fin. Responsibility Assigned Claims Plan v. English**, 541 Pa. 424, 664 A.2d 84, 87 (1995) ("Where the words of a statute are clear and free from ambiguity the legislative intent is to be gleaned from those very words."). Only where the words of a statute are ambiguous will we resort to other considerations to discern legislative intent. 1 Pa.C.S. § 1921(c); **see In re Canvass of Absentee Ballots of Nov. 4, 2003 Gen. Election**, 577 Pa. 231, 843 A.2d 1223, 1230 (2004) (citing **O'Rourke v. Commonwealth**, 566 Pa. 161, 778 A.2d 1194, 1201 (2001)).

**Kingston**, 2016 WL 4273574 at *3.

Section 9714(g) sets forth the definition of "crime of violence" as used in this recidivist statute:

**(g) Definition.--**As used in this section, the term "crime of violence" means murder of the third degree, voluntary manslaughter, manslaughter of a law enforcement officer as defined in 18 Pa.C.S. § 2507(c) **or** (d) (relating to criminal homicide of law enforcement officer), murder of the third degree involving an unborn child as defined in 18 Pa.C.S. § 2604(c) (relating to murder of unborn child), aggravated assault of an unborn child as defined in 18 Pa.C.S. § 2606 (relating to aggravated assault of unborn child), aggravated assault as defined in 18 Pa.C.S. § 2702(a)(1) **or** (2) (relating to aggravated assault), assault of law enforcement officer as defined in 18 Pa.C.S. § 2702.1 (relating to assault of law enforcement officer), use of weapons of mass destruction as defined in 18 Pa.C.S. § 2716(b) (relating to weapons of mass destruction), terrorism as defined in 18 Pa.C.S. § 2717(b)(2) (relating to terrorism), trafficking of persons when the offense is graded as a felony of the first degree as provided in 18 Pa.C.S. § 3002 (relating to trafficking of persons), rape, involuntary deviate sexual intercourse, aggravated indecent assault, incest, sexual assault, arson endangering persons **or** aggravated arson as defined in 18 Pa.C.S. § 3301(a) **or** (a.1) (relating to arson and related offenses), ecoterrorism as classified in 18 Pa.C.S. § 3311(b)(3) (relating to ecoterrorism), kidnapping, burglary as defined in 18 Pa.C.S. § 3502(a)(1) (relating to burglary), robbery as defined in 18 Pa.C.S. § 3701(a)(1)(i), (ii) **or** (iii) (relating to robbery), **or** robbery of a motor vehicle, drug delivery resulting in death as defined in 18 Pa.C.S. § 2506(a) (relating to drug delivery resulting in death), **or** criminal attempt, criminal conspiracy **or** criminal solicitation to commit murder **or** any of the offenses listed above, **or** an equivalent crime under the laws of this Commonwealth in effect at the time of the commission of that offense **or** an equivalent crime in another jurisdiction.

42 Pa.C.S. § 9714 (emphasis added).

The plain language of Section 9714 defines "crime of violence" by listing numerous offenses that will trigger the mandatory minimum

provisions of this recidivism statute. The word "or" is used multiple times to indicate that there are numerous offenses which constitute crimes of violence which would subject the offender to a sentencing enhancement upon a subsequent conviction. Section 9714(g) does not contain any language describing when or how the sentencing enhancement would be applied (which is set forth in Section 9714(a)(1)), but simply defines the subset of crimes subject to the provisions of this particular statute.

We reject Appellant's assertion that the particular word "or" in Section 9714 before the listing of the inchoate crimes prevents the simultaneous application of sentencing enhancements for the principal offenses. Our courts do not dissect statutory text and interpret it in a vacuum. **See Kingston, supra**. We perceive no basis for adopting such a tortured interpretation. Consistent with the Supreme Court's precedent in **Fields**, we find that the trial court did not err in imposing multiple mandatory minimum sentences for Appellant's convictions for robbery and conspiracy to commit robbery.

Appellant also claims that the sentencing court abused its discretion in imposing a "sentence that was grossly unreasonable and disproportionate to the crimes for which he was convicted." Appellant's Brief, at 18. "A challenge to the discretionary aspects of sentencing does not entitle an appellant to review as of right." **Commonwealth v. Bynum-Hamilton**, 135 A.3d 179, 184 (Pa.Super. 2016). In order to invoke this Court's jurisdiction to address such a challenge, the appellant must satisfy the

following four-part test: the appellant must (1) file a timely notice of appeal pursuant to Pa.R.A.P. 902, 903; (2) preserve the issues at sentencing or in a timely post-sentence motion pursuant to Pa.R.Crim.P. 720; (3) ensure that the appellant's brief does not have a fatal defect as set forth in Pa.R.A.P. 2119(f); and (4) set forth a substantial question that the sentence appealed from is not appropriate under the Sentencing Code under 42 Pa.C.S. § 9781(b). *Id*.

While Appellant filed a timely notice of appeal and preserved his sentencing claim in a timely post-sentence motion, he failed to include a Rule 2119(f) statement in his appellate brief. When challenging the discretionary aspects of sentence, "an appellant must include in his or her brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code." *Commonwealth v. Montgomery*, 861 A.2d 304, 308 (Pa.Super. 2004) (citations omitted). If the Commonwealth objects to the appellant's failure to comply with Pa.R.A.P. 2119(f), the sentencing claim is waived for purposes of review. *Id*. In this case, as the Commonwealth objected to Appellant's failure to include a separate Rule 2119(f) statement in his appellate brief, this issue is waived for our review.

For the foregoing reasons, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/18/2016