J-A24045-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA     :     IN THE SUPERIOR COURT OF
                                 :             PENNSYLVANIA
              v.                 :
                                 :
MIKE BARLEY DURST,               :
                                 :
              Appellant          :     No. 659 WDA 2017

Appeal from the Judgment of Sentence February 27, 2017
in the Court of Common Pleas of Somerset County,
Criminal Division, No(s):  CP-56-CR-0000657-2016

BEFORE:  MOULTON, SOLANO and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED DECEMBER 12, 2017**

Mike Barley Durst ("Durst") appeals from the judgment of sentence imposed following the entry of his guilty plea to one count of criminal trespass.[1]  We affirm.

On December 12, 2016, Durst pled guilty to one count of criminal trespass.  On February 27, 2017, the trial court sentenced Durst to a prison term of six to 24 months.  On February 28, 2017, Durst filed a timely post-sentence Motion.  The trial court denied the Motion on April 28, 2017.  Durst thereafter filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters raised on appeal.

On appeal, Durst raises the following issue for our review:  "Whether the [trial] court abused its discretion in sentencing [Durst], such that the [trial] court did not consider [Durst's] individual circumstances in fashioning

---

[1] *See* 18 Pa.C.S.A. § 3503(a)(1)(ii).

the sentence[,] and the sentence is unfair[?]"  Brief for Appellant at 19 (capitalization omitted).

Durst challenges the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right."  **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010).  Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four[-]part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [**see**] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [**see**] 42 Pa.C.S.A. § 9781(b).

**Moury**, 992 A.2d at 170 (citation omitted).

When an appellant challenges the discretionary aspects of his sentence, we must consider his brief on this issue as a petition for permission to appeal.  **Commonwealth v. Yanoff**, 690 A.2d 260, 267 (Pa. Super. 1997); **see also Commonwealth v. Tuladziecki**, 522 A.2d 17, 18 (Pa. 1987); 42 Pa.C.S.A. § 9781(b).

In the instant case, Durst filed a timely Notice of Appeal, and preserved his claim in a timely post-sentence Motion.  However, he failed to include in his appellate brief a separate Rule 2119(f) statement.  **See** Pa.R.A.P. 2119(f) (providing that "[a]n appellant who challenges the

discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence."). Additionally, the Commonwealth has objected to Durst's non-compliance with Rule 2119(f). *See Commonwealth v. Griffin*, 149 A.3d 349, 353 (Pa. Super. 2016) (holding that "[i]f the Commonwealth objects to the appellant's failure to comply with Pa.R.A.P. 2119(f), the sentencing claim is waived for purposes of review"). Because Durst failed to comply with the requirements of Rule 2119(f), he failed to preserve his discretionary sentencing issue for our review.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/12/2017