J-S05013-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| GARY PAUL MILLER | : | |
| Appellant | : | No. 681 WDA 2017 |

Appeal from the Judgment of Sentence April 13, 2017
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000080-2016,
CP-07-CR-0000102-2016

BEFORE:   OLSON, J., OTT, J., and STRASSBURGER*, J.

MEMORANDUM BY OLSON, J.:                    FILED APRIL 17, 2018

Appellant, Gary Paul Miller, appeals from the judgment of sentence entered on April 13, 2017, following his guilty plea to flight to avoid apprehension and failure to comply with registration requirements.[1]   We affirm.

We briefly summarize the facts and procedural history of this case as follows.   On October 30, 2015, police officers went to Appellant's residence to question him about an alleged sexual assault.   Appellant left the residence before speaking with police and his whereabouts were unknown for almost two months.   Police located Appellant on December 16, 2015.   Appellant fled when he saw a police officer approach him, but the officer apprehended him.

_____

[1] 18 Pa.C.S.A. §§ 5126 and 4915.1, respectively.

_____

*   Retired Senior Judge assigned to the Superior Court.

At the time, Appellant was subject to sexual offender registration for a prior crime and he had not complied with registration requirements for the time period between October and December of 2015. As such, the Commonwealth charged Appellant with the aforementioned crimes, in separate criminal informations. The trial court consolidated the cases and Appellant entered an open guilty plea to both charges on March 27, 2017. On April 13, 2017, the trial court sentenced Appellant to 18 to 36 months of imprisonment for flight to avoid apprehension, with a consecutive sentence of 33 to 66 months for failure to comply with registration requirements. Appellant filed a motion for reconsideration, which the trial court denied on April 18, 2017. This timely appeal followed.[2]

On appeal, Appellant presents the following issue for our review:

> Whether the [trial c]ourt abused its discretion in sentencing Appellant to consecutive sentences at the top of the standard range on each of the charges for an aggregate sentence of fifty-one to one hundred two (51-102) months?

Appellant's Brief at 10.

In sum, Appellant avers:

_____

[2] Appellant filed a notice of appeal on May 8, 2017. The same day, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on May 26, 2017. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on May 30, 2017.

> Appellant contends that the sentence imposed is the result of bias and ill will towards him, and not the result of careful consideration of the relevant sentencing factors. In its rationale for the sentence, the [trial c]ourt stated that it believed that sentences at the high end of the standard range, and consecutive to one another, was appropriate. Appellant disagrees, contending that the current offenses were essentially part of a single criminal episode. It was alleged that [A]ppellant ran from the police and continued to make himself unavailable from October 30th until December 16th. While he admitted to two separate offenses (the [f]light and [f]ailure to [c]omply charges), it was part of a common plan. As such, [A]ppellant submits that sentences lower within the standard range and concurrent with one another would have been appropriate.

Appellant's Brief at 14.

Such a claim implicates the trial court's discretion to impose sentence. See Commonwealth v. Shugars, 895 A.2d 1270, 1275 (Pa. Super. 2006). "A challenge to the discretionary aspects of sentencing does not entitle an appellant to review as of right." Commonwealth v. Griffin, 149 A.3d 349, 353 (Pa. Super. 2016) (citation omitted). Instead, an appellant must satisfy a four-part test to invoke this Court's jurisdiction. Id. In order to invoke this Court's jurisdiction to address such a challenge, an appellant must satisfy the following four-part test:

> the appellant must (1) file a timely notice of appeal pursuant to Pa.R.A.P. 902, 903; (2) preserve the issues at sentencing or in a timely post-sentence motion pursuant to Pa.R.Crim.P. 720; (3) ensure that the appellant's brief does not have a fatal defect as set forth in Pa.R.A.P. 2119(f); and (4) set forth a substantial question that the sentence appealed from is not appropriate under the Sentencing Code under 42 Pa.C.S.A. § 9781(b).

Id.

Appellant has complied with the first three requirements above. However, Appellant has failed to raise a substantial question.

> [A] defendant may raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question. See Commonwealth v. Moury, 992 A.2d 162, 171–172 (Pa. Super. 2010) ("The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.")[.]

Commonwealth v. Dodge, 77 A.3d 1263, 1270 (Pa. Super. 2013).

Here, Appellant's contention is a bald claim of excessiveness. Appellant concedes that he committed two separate crimes and received standard range sentences for each crime. However, he complains that the trial court sentenced him consecutively. He does not argue that the sentences are clearly unreasonable based upon the nature of the crimes and the length of imprisonment. Because Appellant has failed to raise a substantial question, we deny his request for review.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/17/2018