J-S73028-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RICHARD GLENN MITCHELL, | |
| Appellant | No. 691 WDA 2018 |

Appeal from the Judgment of Sentence Entered April 19, 2018
In the Court of Common Pleas of Somerset County
Criminal Division at No(s): CP-56-CR-0000354-2017

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and OLSON, J.

MEMORANDUM BY BENDER, P.J.E.:  **FILED  JANUARY 24, 2019**

Appellant, Richard Glenn Mitchell, appeals from the judgment of sentence of 1-2 years' incarceration imposed after he entered a guilty plea to one count of retail theft, 18 Pa.C.S. § 3929(a)(1).  We affirm.

We need not provide a lengthy summary of the facts underlying this case.  Instead, we simply note that Appellant was alleged to have stolen items from a Walmart store on two separate occasions, for which he was charged at two separate criminal dockets, Case Numbers 353-2017 and 354-2017.  *See* Appellant's Brief at 5; N.T. Hearing, 2/6/2018, at 3-4.  Subsequently, Appellant entered a guilty plea to one count of retail theft at Case Number 354-2017, and Case Number 353-2017 was withdrawn with the stipulation that Appellant would pay the restitution owed.  *See* N.T. Hearing at 3-4.  On April 19, 2018, the trial court sentenced Appellant to 1-2 years' incarceration,

and ordered that Appellant serve that sentence consecutive to a term of incarceration Appellant was serving in another case at Case Number 286-2013. **See** Video-Sentence of Court, 4/19/2018, at 2.[1] Appellant did not make any objections at his sentencing hearing, and he did not file any post-sentence motions.

On May 3, 2018, Appellant filed a timely notice of appeal. The trial court directed Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and he timely complied. Presently, Appellant raises a single issue for our review:

> Whether the lower court abused its discretion in sentencing [Appellant], such that the lower court did not consider Appellant's individual circumstances in fashioning the sentence and the sentence is unfair.

Appellant's Brief at 5 (unnumbered page; unnecessary capitalization omitted).[2]

Appellant challenges the discretionary aspects of his sentence. However, before reaching the merits of this issue, we must determine if Appellant has preserved it for our review. This Court has explained:

---

[1] We note that Appellant qualified for the Recidivism Risk Reduction Inventive ("RRRI") Program, and his alternate minimum sentence is 9 months. **See** Video-Sentence of Court at 2-3.

[2] Appellant does not number the pages in his brief as required by Pa.R.A.P. 2173, but provides a table of contents and a table of citations pursuant to Pa.R.A.P. 2174. Upon closer review, we observe that the page numbers listed in those tables do not conform to the unnumbered pages in his brief. Further, the matters in Appellant's brief are not in the order mandated under Pa.R.A.P. 2111(a). We admonish Appellant for his noncompliance with the rules of appellate procedure.

A challenge to the discretionary aspects of sentencing does not entitle an appellant to review as of right. In order to invoke this Court's jurisdiction to address such a challenge, the appellant must satisfy the following four-part test: the appellant must (1) file a timely notice of appeal pursuant to Pa.R.A.P. 902, 903; (2) preserve the issues at sentencing or in a timely post-sentence motion pursuant to Pa.R.Crim.P. 720; (3) ensure that the appellant's brief does not have a fatal defect as set forth in Pa.R.A.P. 2119(f); and (4) set forth a substantial question that the sentence appealed from is not appropriate under the Sentencing Code under 42 Pa.C.S. § 9781(b).

***Commonwealth v. Griffin***, 149 A.3d 349, 353 (Pa. Super. 2016) (internal citations and quotation marks omitted).

Here, Appellant did not preserve his issue at sentencing or in a timely post-sentence motion. ***See Commonwealth v. Cartrette***, 83 A.3d 1030, 1042 (Pa. Super. 2013) ("[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived.") (citation and internal quotation marks omitted).[3] Accordingly, we deem Appellant's issue waived and affirm his judgment of sentence.

Judgment of sentence affirmed.

_____

[3] In addition, the Commonwealth objects on the basis that Appellant has not complied with Pa.R.A.P. 2119(f). ***See*** Commonwealth's Brief at 2. Appellant's noncompliance with Rule 2119(f) also requires us to find his claim waived. ***Griffin***, 149 A.3d at 353 ("When challenging the discretionary aspects of sentence, an appellant must include in his or her brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. If the Commonwealth objects to the appellant's failure to comply with [Rule] 2119(f), the sentencing claim is waived for purposes of review.") (citations and quotation marks omitted).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  1/24/2019