J-S40026-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT FRANK BOYER | : | |
| | : | |
| Appellant | : | No. 98 WDA 2019 |

Appeal from the Judgment of Sentence Entered August 30, 2018
In the Court of Common Pleas of Somerset County Criminal Division at
No(s): CP-56-CR-0000593-2017

BEFORE: BENDER, P.J.E., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.: FILED OCTOBER 11, 2019

Robert Frank Boyer appeals from the judgment of sentence entered following his guilty plea to multiple crimes involving child pornography. He challenges discretionary aspects of his sentence. However, he waived those issues by failing to include a Pa.R.A.P. 2119(f) statement in his brief, and in any event, his issues are meritless. We therefore affirm.

The trial court aptly summarized the facts of the case as follows.

On June 17 and 19, 2017, [the Office of Attorney General's Bureau of Special Investigation,] BSI received notification from the National Center for Missing and Exploited Children that numerous images of child pornography had been uploaded to a Google email account belonging to [Boyer]. The victims depicted in the recovered images ranged between 3 to 15 years of age. When confronted by investigators, [Boyer] stated that he was familiar with the images and had attempted to disseminate them to an unknown email address.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Trial Court Opinion ("TCO"), filed 3/19/19, at 1.

Boyer entered an open guilty plea in February 2018 to 10 counts of sexual abuse of children-child pornography; three counts of sexual abuse of children-dissemination of photographs, videotapes, computer depictions and films; and one count of criminal use of communication facility.[1] The trial court subsequently sentenced Boyer in August 2018 to a total of 10 to 20 years' incarceration.[2] Boyer filed a post-sentence motion arguing that he was "entitled to the benefit of his bargain," referencing the Commonwealth's agreement to recommend a sentence of 11½ to 23 months' incarceration. See Post-Sentence Motion, filed 8/31/18 at ¶¶ 3, 6. The trial court denied the motion and this timely appeal followed.

Boyer asks us to review the following:

1. Whether the lower court abused its discretion in sentencing [Boyer], such that the lower court did not consider [Boyer's] plea offer and the sentencing outlined therein, as well as [Boyer's] individual circumstances when fashioning the sentence[?]

2. Whether [Boyer] was given the benefit of his bargain at the time of sentencing?

Boyer's Br. at 37.

_____

[1] 18 Pa.C.S.A. §§ 6312(c), (d), and 7512(a), respectively.

[2] The trial court imposed consecutive sentences of two to four years' incarceration for three counts of dissemination, one to two years' incarceration for four counts of child pornography, and no further penalty for the remaining counts. See Sentence Order, filed 9/4/18.

Although Boyer at points in his brief couches his arguments in terms of legality of sentencing,[3] both of Boyer's issues challenge the discretionary aspects of sentence. Boyer's right to have this Court entertain such challenges is not absolute. Rather, before we may consider them, we must first determine:

> (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [702]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

Commonwealth v. Moury, 992 A.2d 162, 170 (Pa.Super. 2010) (citation omitted) (brackets in Moury).

The Commonwealth argues that Boyer has waived all issues on appeal because his brief does not include a Rule 2119(f) statement. We agree.

If an appellant fails to include a Rule 2119(f) statement and the Commonwealth objects, the appellant has waived his discretionary sentencing claims. See Commonwealth v. Griffin, 149 A.3d 349, 353 (Pa.Super. 2016). Rule 2119(f) requires an appellant who challenges the discretionary aspects of a sentence in a criminal matter to "set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." Pa.R.A.P. 2119(f) (emphasis added). The Rule 2119(f) statement must "immediately precede

---

[3] See, e.g., Boyer's Br. at 44.

the argument on the merits with respect to the discretionary aspects of the sentence." Id. (emphasis added).

Although Boyer's brief makes passing statements that he has raised a substantial question, it does not contain "a separate section" that "immediately precede[s] the argument on the merits" that sets forth "the reasons relied upon for allowance of appeal with respect to the discretionary aspects of [his] sentence." Id. The Commonwealth has objected to his failure to comply with Rule 2119(f). We therefore cannot ignore the violation. We thus conclude that Boyer has waived his appellate issues.

Moreover, his issues are meritless. Boyer first maintains that "based on the [trial court's] imposition of consecutive periods of incarceration, the [trial court] wholly dismissed the recommendation from both prosecution and defense counsel for a concurrent period of incarceration." Boyer's Br. at 44. He argues that the trial court "sentenced [Boyer] to a sentence other than that agreed upon at the time of the entry of his guilty plea." Id. (emphasis added). This claim is meritless.

Boyer's sentence was not a term of the plea bargain. Rather, both parties acknowledged during the plea hearing that they "discussed prior to [Boyer's] plea of a potential offer of 11½ to 23 months. . . ." N.T., Sentencing Hearing, 8/30/18, at 7, 12 (emphasis added). Neither party said that there was an agreement as to the sentence. The Commonwealth did say that "[i]t was recommended that [the sentences] would run concurrent to each other." Id. at 8. However, any such "recommendation" was not a part of

the plea agreement. No one claimed during the plea hearing that serving concurrent sentences was term of the plea bargain, and any such term is conspicuously absent from Boyer's written guilty plea colloquy.

As a matter of fact, and contrary to this claim, Boyer wrote "yes" on the written colloquy form where it asked if he understood that the trial court was "not bound by any plea bargain or agreement entered into by you and the District Attorney and that the decision as to what your sentence will be is solely that of the sentencing judge[.]" Written Guilty Plea Colloquy, filed 2/20/18 at ¶40 (emphasis added). Additionally, before accepting his plea, the trial court asked Boyer if he had any questions about the contents of his written guilty plea colloquy, and he responded "no." See N.T., Guilty Plea Hearing, 2/20/18 at 10. Boyer knew at the time he pled guilty that there was no agreement as to his sentence. This argument fails.

For like reasons, Boyer's second claim also fails. He maintains that he did not get "the benefit of his bargain at the time of sentence." Id. at 45. He argues that he "would not have accepted the Attorney General's Office plea offer, had [Boyer] known that the recommended sentencing arrangement would not have been followed by the [trial court.]" Id. at 46.

As above, there was no agreement as to sentencing. At no point during the guilty plea hearing was there any mention of an agreed-upon sentence. Boyer conceded as much through his signature on the written guilty plea colloquy, as well as in speaking with the trial court, that the trial court was free to sentence Boyer as it believed appropriate and was not bound by any

agreement between the parties. Boyer's own statements during the plea colloquy and on the written plea colloquy refute his claims on appeal. See Commonwealth v. Pier, 182 A.3d 476, 480 (Pa.Super. 2018) ("A person who elects to plead guilty is bound by the statements he makes in open court while under oath . . ."). No relief is due.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  10/11/2019