J-S33015-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY GEORGE VEGUILLA | : | |
| | : | |
| Appellant | : | No. 3201 EDA 2019 |

Appeal from the Judgment of Sentence Entered October 10, 2019
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0004259-2009

BEFORE:   DUBOW, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:        **FILED SEPTEMBER 10, 2021**

Appellant, Anthony George Veguilla, appeals from the October 10, 2019 violation of parole and probation ("VOP") sentence imposed following his conviction of Flight to Avoid Apprehension at a separate docket number. Appellant challenges the legality and discretionary aspects of his VOP sentence.  After careful review, we affirm Appellant's sentence in part, vacate in part, and remand with instructions.

Briefly, on July 2, 2010, Appellant entered a negotiated guilty plea to one count each of Corruption of Minors ("COM"), Indecent Assault, and Sexual Assault.[1]  On September 24, 2010, the trial court sentenced Appellant to a term of 3½ to 7 years of incarceration for his Sexual Assault conviction,

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S §§ 6301(a)(1), 3126(a)(8), and 3124.1, respectively.

followed by a consecutive 4-year term of probation for his COM conviction and a consecutive 2-year term of probation for his Indecent Assault conviction.[2] Appellant's sentence of incarceration expired on October 3, 2016, and he began serving his probation on his COM conviction.

Appellant serially violated his probation and parole, resulting in the VOP court resentencing Appellant numerous times to sentences of incarceration for his COM conviction. Relevantly, on April 7, 2019, while on parole,[3] Appellant attempted to flee from police who were responding to a domestic disturbance. This resulted in Appellant facing charges of Flight to Avoid Apprehension. Appellant's arrest and subsequent guilty plea to the Flight to Avoid Apprehension charge gave rise to the instant VOP proceeding, his fourth.

On October 10, 2019, the VOP court found Appellant in violation of his parole. The court sentenced Appellant to serve the balance of the maximum of 10 months and 24 days on the sentence of incarceration imposed on his COM conviction. The court also revoked the probation sentence imposed on Appellant's Indecent Assault conviction, which he had not yet begun to serve, and imposed a consecutive sentence of 12 to 24 months' imprisonment. The court awarded Appellant 125 days' credit for time served.

---

[2] The court credited Appellant with time served from October 3, 2009, to September 24, 2010.

[3] Appellant was on parole from a sentence of incarceration imposed on May 18, 2018 following a prior VOP.

On October 21, 2019, Appellant filed a timely Petition for Reconsideration and Reduction of Sentence claiming that the VOP court imposed an excessive sentence by failing to consider mitigating factors. On October 23, 2019, the VOP court denied Appellant's Petition.

This timely appeal followed. Both Appellant and the VOP court have complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal, which we have reordered for ease of disposition:

1. Did not the court abuse its discretion by sentencing Appellant to an excessive and disproportionate sentence in light of the criminal conduct in the case?

2. When the court revoked Appellant's parole for a violation of his parole, did the court not lack authority under Pennsylvania law to also anticipatorily revoke Appellant's consecutive sentence of probation that he had not yet begun to serve?

Appellant's Brief at 4.

**Issue I – Challenge to Discretionary Aspects of Sentence**

In his first issue, Appellant challenges the discretionary aspects of his sentence. In particular, he asserts that his aggregate sentence of 22 months and 24 days to 34 months and 24 days of incarceration is manifestly excessive and that the court failed to consider mitigating factors such as Appellant's childhood trauma and rehabilitative needs, his acceptance of responsibility, the support system he now has in place to comply with supervision, and that his probation and parole violations have been primarily technical in nature. *Id.* at 20-25.

Challenges to the discretionary aspects of a sentence do not entitle an appellant to review as of right; rather, a challenge in this regard is properly viewed as a petition for allowance of appeal. 42 Pa.C.S. § 9781(b); *Commonwealth v. Tuladziecki*, 522 A.2d 17, 18-19 (Pa. 1987); *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014).

An appellant challenging the discretionary aspects of his sentence must satisfy a four-part test: (1) whether the appellant filed a timely notice of appeal; (2) whether the appellant preserved the issue at sentencing or in a motion to reconsider and modify sentence; (3) whether the appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal as required by Pa.R.A.P. 2119(f); and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the Sentencing Code. *Commonwealth v. Carrillo-Diaz*, 64 A.3d 722, 725 (Pa. Super. 2013).

If an appellant fails to include a Rule 2119(f) statement and the Commonwealth objects, the appellant has waived his discretionary sentencing claims. *See Commonwealth v. Griffin*, 149 A.3d 349, 353 (Pa. Super. 2016). Rule 2119(f) requires an appellant who challenges the discretionary aspects of a sentence in a criminal matter to "set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." Pa.R.A.P. 2119(f). The Rule 2119(f) statement must "immediately precede the

argument on the merits with respect to the discretionary aspects of the sentence." *Id.* (emphasis added).

Herein, Appellant filed a timely appeal and preserved the issue in his Post-Sentence Motion. Appellant has, however neglected to include a 2119(f) Statement in his Brief and the Commonwealth has objected to the omission. *See* Commonwealth's Brief at 25. We, thus, conclude that Appellant has waived his challenge to the discretionary aspects of his sentence.

### Issue II – Challenge to Trial Court's Authority to Anticipatorily Revoke Probation

In his second issue, Appellant challenges the revocation of his 2-year sentence of probation on his Indecent Assault conviction. He argues that the trial court lacked statutory authority to revoke the sentence because Appellant had not yet begun serving it. As this claim implicates the legality of Appellant's sentence, our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Williams*, 980 A.2d 667, 672 (Pa. Super. 2009). *See also Commonwealth v. Hall*, 994 A.2d 1141, 1144 (Pa. Super. 2010) (a sentence is illegal and subject to mandatory correction where there is no statutory support for its imposition).

This court recently addressed this issue in *Commonwealth v. Simmons*, ____ A.3d ____, 2021 WL 3641859 (Pa. Super. filed Aug. 18, 2021) (*en banc*). In *Simmons*, the trial court sentenced the defendant to a term of six to 23 months' incarceration followed by a 3-year term of probation. *Id.* at *1. While Appellant was on parole, he pleaded guilty to new crimes. *Id.*

As a result of his new convictions, the trial court revoked the defendant's parole, anticipatorily revoked his probation, and resentenced him to a term of 2½ to 5 years' imprisonment. *Id.* The defendant challenged the legality of the anticipatory revocation of his probation sentence. *Id.*

The *Simmons* Court held that, where the trial court imposes a sentence of probation to be served consecutively to a defendant's sentence of incarceration, the defendant may not prospectively violate the conditions of a probationary order by committing a new crime after sentencing, but before the commencement of his probationary sentence. *Id.* at *10, *12. Stated another way, the *Simmons* Court held that no statutory authority exists that permits a trial court to anticipatorily revoke an order of probation. *Id.* Accordingly, the *Simmons* Court vacated the defendant's judgment of sentence and remanded with instructions that the trial court reinstate the original order of probation.[4] *Id.* at *12-13.

Instantly, following Appellant's guilty plea to Flight to Avoid Apprehension, the VOP court revoked his parole and anticipatorily revoked a sentence of probation Appellant had not yet begun to serve. This Court's holding *Simmons*—that the trial court lacks the statutory authority to anticipatorily revoke a probationary sentence a defendant has not yet begun

---

[4] The *Simmons* Court also concluded that the defendant's sentence of incarceration was illegal because the court imposed a new term of incarceration rather than ordering him to serve the balance of the valid sentence previously imposed. Accordingly, the Court remanded for resentencing on the defendant's parole violation.

to serve—is, thus, dispositive of Appellant's illegal sentence claim. Accordingly, we vacate the Judgment of Sentence of incarceration imposed for Appellant's Indecent Assault conviction, and remand for the court to reinstate the original order of probation. We affirm Appellant's Judgment of Sentence of 10 months and 24 days of incarceration, the balance of his sentence for his COM conviction following his parole violation.[5]

Judgment of Sentence affirmed in part and vacated in part. Case remanded with instructions. Application for Discontinuance denied as moot. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/10/2021

---

[5] On September 1, 2021, Appellant filed an Application for Discontinuance. In light of our disposition, we deny Appellant's Application as moot.