J-A13019-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MATTHEW ERIC DIETRICH | : | |
| | : | |
| Appellant | : | No. 2008 EDA 2021 |

Appeal from the Judgment of Sentence Entered July 22, 2021
In the Court of Common Pleas of Lehigh County Criminal Division at No(s):  CP-39-CR-0000171-2020

BEFORE:  OLSON, J., DUBOW, J., and KING, J.

MEMORANDUM BY DUBOW, J.:                    **FILED JULY 15, 2022**

Appellant Matthew Eric Dietrich appeals from the Judgment of Sentence entered following his open guilty plea to one count of Aggravated Assault, charged in connection with a road rage incident.  He raises a discretionary aspects of sentence claim by challenging as excessive the court's imposition of a standard range sentence.  After careful review, we affirm.

We briefly summarize the facts underlying Appellant's conviction.  On August 1, 2019, at 8 p.m. in Hanover Township, Appellant was driving his pickup truck in traffic when he spotted in his rearview mirror a motorcycle weaving in and out of traffic.  This pattern of motorcycle driving annoyed Appellant and when he saw the motorcycle preparing to pass his truck, Appellant jerked his steering wheel to the left so the motorcycle would not be able to pass.  As a result, the motorcycle hit the rear side of Appellant's

truck and the impact threw the motorcycle and the rider onto the abutting sidewalk. The rider suffered numerous bone fractures and other injuries. When police officers arrived on the scene, Appellant stated, "It's my fault. I f****d up, but they need to learn that they can't drive like that and do whatever they want." Affidavit of Probable Cause, dated 8/6/19.

The Commonwealth charged Appellant with six offenses. On June 2, 2021, Appellant pled guilty to Aggravated Assault, 18 Pa.C.S. § 2702(a)(1) and the Commonwealth *nolle prossed* the remaining charges. The court ordered a pre-sentence investigation ("PSI").

On July 22, 2021, the court sentenced Appellant to a standard range sentence of 54 months' to 15 years' incarceration. The court specifically stated that it had reviewed the PSI report and considered all sentencing factors, including Appellant's lack of a prior criminal record, his employment history, his expressions of remorse, the gravity of the offense, and the protection of the public. **See** N.T., 7/22/21, at 43-45.

Appellant filed a post-sentence motion seeking reconsideration of his sentence, which the court denied.

Appellant timely appealed. Both Appellant and the court complied with Pa.R.A.P. 1925.[1]

Appellant presents the following Statement of Questions Involved:

---

[1] The trial court's Rule 1925(a) Opinion incorporated by reference its September 1, 2021 Opinion denying Appellant's post-sentence motion.

1. Did the trial court err in imposing a sentence that, as imposed, is so manifestly excessive as to constitute an abuse of discretion, and inconsistent with the protection of the public, the gravity of the offenses, and Appellant Dietrich's rehabilitative needs?

2. Did the trial court err in imposing a sentence that is based upon a mischaracterization of the underlying offense that gave rise to the manifestly excessive sentence complained of on appeal?

3. Did the trial court err in imposing a sentence that is based upon a misinterpretation of the Appellant Dietrich's verbal and non-verbal statements that gave rise to the manifestly excessive sentence complained of on appeal?

Appellant's Br. at 12.

Each of Appellant's issues challenge the discretionary aspects of his sentence. An appellant raising such a challenge is not entitled to review as of right; rather, a challenge in this regard is properly viewed as a petition for allowance of appeal. 42 Pa.C.S. § 9781(b); ***Commonwealth v. Tuladziecki***, 522 A.2d 17, 18-19 (Pa. 1987); ***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1265 (Pa. Super. 2014).

In order to obtain this Court's review, an appellant challenging the discretionary aspects of his sentence must comply with the following requirements: (1) file a timely notice of appeal; (2) preserve the issue at sentencing or in a motion to reconsider and modify sentence; (3) include within his brief a concise statement of the reasons relied upon for allowance of appeal as required by Pa.R.A.P. 2119(f); and (4) raise a substantial

question that the sentence is inappropriate under the Sentencing Code. *Commonwealth v. Carrillo-Diaz*, 64 A.3d 722, 725 (Pa. Super. 2013).

Rule 2119(f) requires an appellant who challenges the discretionary aspects of a sentence in a criminal matter to "set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." Pa.R.A.P. 2119(f). The Rule 2119(f) statement must "immediately precede the argument on the merits with respect to the discretionary aspects of the sentence." *Id.*

If an appellant fails to include a Rule 2119(f) statement and the Commonwealth objects, the appellant has waived his discretionary sentencing claims. *See Commonwealth v. Griffin*, 149 A.3d 349, 353 (Pa. Super. 2016).

Here, Appellant filed a timely appeal and preserved the issue in his Post-Sentence Motion. Appellant has, however, neglected to include a 2119(f) Statement in his Brief and the Commonwealth has objected to the omission. *See* Commonwealth's Brief at 25. We, thus, conclude that Appellant has waived his challenge to the discretionary aspects of his sentence.

However, even if Appellant had not waived his challenge, we would find it meritless. "Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Barnes*, 167 A.3d 110,

- 4 -

122 n.9 (Pa. Super. 2017) (*en banc*) (citation omitted). A sentencing court has broad discretion in choosing the range of permissible confinement that best suits a particular defendant and the circumstances surrounding his or her crime. ***Commonwealth v. Celestin***, 825 A.2d 670, 676 (Pa. Super. 2003).

Where the sentencing court has the benefit of a PSI report, we presume that it is "aware of all appropriate sentencing factors and considerations," and we will not disturb the sentencing court's discretion. ***Commonwealth v. Ventura***, 975 A.2d 1128, 1135 (Pa. Super. 2009) (discussing ***Commonwealth v. Devers***, 546 A.2d 12, 18-19 (Pa. 1988)). Moreover, when the trial court reviews the PSI report, it satisfies "the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the [PSI]; thus properly considering and weighing all relevant factors." ***Id.***

In addition, courts have consistently found that sentences imposed within the standard range of the sentencing guidelines are not excessive or unreasonable. ***See***, ***e.g.***, ***id.*** at 1134 (explaining that a sentence within the guidelines is presumed to be reasonable); ***see also Commonwealth v. Cruz–Centeno***, 668 A.2d 536, 546 (Pa. Super. 1995) (finding that a standard range sentence imposed following consideration of a PSI report was neither excessive nor unreasonable).

Here, Appellant had a prior record score of 0 and an offense gravity score of 11. The sentencing guidelines provide a standard range minimum

sentence of 54 to 72 months' incarceration. Appellant received a minimum sentence of imprisonment of 54 months. Based on the above case law, even if Appellant had filed a Rule 2119(f) Statement, we would conclude that the court did not abuse its discretion in sentencing Appellant.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/15/2022