J-S43002-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DIEGO RAFAEL SANCHEZ | : | |
| | : | |
| Appellant | : | No. 711 EDA 2024 |

Appeal from the Judgment of Sentence Entered October 20, 2023
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0000952-2021

BEFORE:  BOWES, J., STABILE, J., and KUNSELMAN, J.

MEMORANDUM BY BOWES, J.:                    **FILED JANUARY 24, 2025**

Diego Rafael Sanchez appeals from the judgment of sentence of six to twelve years in prison imposed following his open guilty plea to possession with intent to deliver fentanyl and heroin and conspiracy to do the same.  We affirm.

The trial court provided the following background:

[Appellant] admitted as part of an open guilty plea that on September 23, 2020, during the execution of a residential search warrant in Upper Merion Township, Montgomery County, he and two others were found in the residence and [Appellant] was packing a pound of fentanyl at the time.  The search also revealed the presence of packing materials and a thousand bags of packaged fentanyl and heroin.

[Appellant] acknowledged in connection with the open guilty plea that there was no agreement as to the ultimate sentence to be imposed and that the length of any sentence would be left to the [court], subject to the sentencing guidelines and statutory maximums.  The [court] also explained that the judge who previously had sentenced the two others who were found in the

residence during the execution of the search warrant would not be sentencing [Appellant,] and that he had the right to seek to withdraw his plea at any time before sentencing.

At sentencing on October 20, 2023, plea counsel argued in favor of [Appellant] receiving a sentence similar to that imposed on his two co-defendants[ of three and one-half to seven years of imprisonment]. This court, after extensively detailing the factors it considered, imposed bottom-of-the-standard-guideline-range sentences of [six] to [twelve] years' imprisonment on each of [Appellant]'s two convictions, set to run concurrently.

Trial Court Opinion, 5/7/2024, at 1-2 (cleaned up).

Thereafter, Appellant filed a motion for reconsideration of sentence arguing that the trial court did not consider mitigating factors, which the court denied. This timely appeal followed, and Appellant and the court complied with the requirements of Pa.R.A.P. 1925. Appellant presents the following question for our review: "Did the sentencing court err in imposing its sentence without due regard to considering that the co-defendant's [*sic*] who were of equal culpability or otherwise similarly situated received a sentence substantially lower than [A]ppellant, with said sentences imposed by a different sentencing judge?" Appellant's brief at 5.

Appellant's argument implicates the discretionary aspects of his sentence. *See Commonwealth v. Ali*, 197 A.3d 742, 764 (Pa.Super. 2018) (stating a claim that "the trial court erred in sentencing [an appellant] to a term of imprisonment that was harsher than his co-defendants' terms of imprisonment without setting forth sufficient reasons for the disparity" implicated the discretionary aspects of a sentence). Issues concerning the

discretionary aspects of a sentence are not appealable as of right. To invoke this Court's jurisdiction, an appellant must satisfy the following four-pronged test by demonstrating that he: "(1) timely appealed; (2) properly preserved his objection in a post-sentence motion; (3) included in his brief a Pa.R.A.P. 2119(f) concise statement of the reasons relied upon for allowance of appeal; and (4) raised a substantial question that the sentence is inappropriate under the Sentencing Code." *Commonwealth v. Strouse*, 308 A.3d 879, 882 (Pa.Super. 2024).

An appellant must object to his sentence after it is imposed to give the court "an opportunity to reconsider or modify" it, and the "failure to do so deprives the trial court of this chance." *Commonwealth v. Perzel*, 291 A.3d 38, 48 (Pa.Super. 2023) (cleaned up). Thus, a discretionary sentencing issue is waived if it was not raised "at sentencing or in [a] post-sentence motion." *Commonwealth v. Tejada*, 107 A.3d 788, 798 (Pa.Super. 2015). Rule 2119(f) further provides, in relevant part:

> An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of the sentence.

Pa.R.A.P. 2119(f). Where the Commonwealth objects to an appellant's failure to fulfill the requirements of Rule 2119(f), "the sentencing claim is waived for

purposes of review." ***Commonwealth v. Griffin***, 149 A.3d 349, 353 (Pa.Super. 2016).

Although Appellant timely appealed, he has not complied with at least two of the other prongs of the aforementioned test. First, he did not preserve the precise issue raised on appeal through an objection at sentencing or in his post-sentence motion. Therein, Appellant asserted that the trial court failed to consider mitigating factors, and he made no mention of his co-defendants' sentences. ***See*** N.T. Sentencing, 10/20/23, at 29; Motion for Reconsideration of Sentence, 10/27/23, at ¶¶ 5-10. Second, Appellant failed to comply with Rule 2119(f) as he does not include in his brief a separate concise statement of reasons relied upon for appeal, and he only provides an argument on the merits. ***See*** Appellant's brief at 9-11. The Commonwealth has objected to this procedural deficiency in its brief and claims that Appellant has waived his argument. ***See*** Commonwealth's brief at 5-6. Appellant's issue is thus waived for our review. ***See Tejada***, 107 A.3d at 798; ***Griffin***, 149 A.3d at 353. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/24/2025

- 4 -