J-S01005-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL MATA, JR. | : | |
| | : | |
| Appellant | : | No. 804 MDA 2024 |

Appeal from the Judgment of Sentence Entered January 16, 2024
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0002319-2019

BEFORE: NICHOLS, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED: MARCH 19, 2025**

Appellant Michael Mata, Jr., appeals from the judgment of sentence entered following the trial court's finding that Appellant violated the terms of his probation for his underlying conviction of conspiracy to commit delivery of a controlled substance.[1]  Appellant raises a challenge to the discretionary aspects of the trial court's sentence.  We affirm.

Appellant entered a guilty plea to the above-referenced offense on February 10, 2020.  On April 21, 2020, the trial court sentenced Appellant to six to twenty-four months' incarceration, to be followed by two years' special probation.  The trial court set forth the remaining factual and procedural history:

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 903(a); 35 P.S. § 780-113(a)(30).

[I]t was alleged that Appellant violated the conditions of his special probation supervision. Specifically, it was alleged that Appellant admitted to his supervising parole agent that Appellant drove with a suspended driver's license in violation of the rules of his special probation. On January 16, 2024, a ***Gagnon II***[2] hearing was held, wherein Appellant, while represented by . . . the Lackawanna County Public Defender's Office, stipulated to the alleged violation, and [the trial court] found Appellant in violation of his supervision pursuant to that stipulation. [The trial court] was also informed that in relation to driving with a suspended driver's license, the South Abington Township Police Department planned to file additional charges of possession of marijuana and possession of drug paraphernalia[3] against Appellant relating to the driving with a suspended driver's license offense. Furthermore, [the trial court] also indicated that it received information that Appellant submitted a drug screen, which returned positive results for the presence of marijuana.

After which, [the trial court] revoked Appellant's previous two (2) year special probation sentence and re-sentenced Appellant to a term of incarceration of twelve months to twenty-four months.

Appellant failed to file any post-sentence motions. However, Appellant filed a *pro se* notice of appeal. Appellant additionally submitted a *pro se* filing that Appellant titled as "Brief in Support of Post-Sentence Motion for Relief/Direct Appeal." [The trial court] then issued an order appointing appellate counsel and directing appellate counsel to file a concise statement of matters complained of on appeal.

Trial Ct. Op., 5/10/24, at 2-3 (citations omitted and some formatting altered).

Appellant timely filed a counseled concise statement of errors complained of on appeal, and the trial court filed an opinion addressing Appellant's claim.

Appellant raises the following issue for our review:

---

[2] ***See Gagnon v. Scarpelli***, 411 U.S. 778 (1973).

[3] 35 P.S. § 780-113(a)(31) and (32), respectively.

> Whether the [trial] court erred and abused its discretion by sentencing [Appellant] to an additional period of incarceration for a first violation where such violation was effectively technical in nature?

Appellant's Brief at 6 (formatting altered).

In his sole issue on appeal, Appellant contends that the trial court abused its discretion when it imposed a sentence to an additional period of incarceration following a technical violation of Appellant's probation. Appellant's Brief at 11. Appellant specifically argues that such a sentence is "excessive and unsupported in the law." *Id.* at 13. Appellant further argues that the trial court's sentence was not necessary to "vindicate the authority" of the trial court and that "[a] lesser sentence was appropriate and should have been given." *Id.* at 16.

Appellant's claim implicates the discretionary aspects of his sentence. *See Commonwealth v. Ferguson*, 893 A.2d 735, 736-37 (Pa. Super. 2006) (providing that claims the trial court abused its discretion in imposing a sentence of total confinement upon revocation of probation and imposed an excessive sentence challenged the discretionary aspects of the sentence). We note that "[t]he right to appellate review of the discretionary aspects of a sentence is not absolute[.]" *Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014) (citations omitted). Rather, where an appellant challenges the discretionary aspects of a sentence, the "appeal should be considered a petition for allowance of appeal." *Commonwealth v. W.H.M., Jr.*, 932 A.2d 155, 163 (Pa. Super. 2007) (citation omitted).

In ***Commonwealth v. Moury***, 992 A.2d 162 (Pa. Super. 2010), this Court explained that an appellant challenging the discretionary aspects of a sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [708(E)]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

***Moury***, 992 A.2d at 170 (citation omitted and formatting altered).

If an appellant fails to include a Rule 2119(f) statement in his or her brief and the Commonwealth objects to its omission, the challenge to the discretionary aspects of sentence is waived on appeal. ***Commonwealth v. Griffin***, 149 A.3d 349, 353 (Pa. Super. 2016).

Here, Appellant failed to include a Rule 2119(f) statement in his brief, and the Commonwealth raised an objection to its omission. ***See*** Commonwealth's Brief at 5. For these reasons, Appellant's discretionary aspect of sentence challenge is waived on appeal; therefore, we need not address the merits of his claim. ***See Griffin***, 149 A.3d at 353.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 03/19/2025