J-S34023-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| COURTNEY LAMAR SLADE | : | |
| | : | |
| Appellant | : | No. 134 MDA 2020 |

Appeal from the Judgment of Sentence Entered December 18, 2019
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0002936-2018

BEFORE: PANELLA, P.J., BENDER, P.J.E., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:              **FILED SEPTEMBER 16, 2020**

Appellant, Courtney Lamar Slade, appeals from the judgment of sentence of an aggregate term of 15½ to 40 years' incarceration, imposed after he pled guilty to robbery (threatening serious bodily injury), 18 Pa.C.S. § 3701(a)(1)(ii); aggravated assault, 18 Pa.C.S. § 2702(a)(4); and burglary, 18 Pa.C.S. § 3502(a)(1). Appellant challenges the discretionary aspects of his sentence on appeal. After careful review, we affirm.

Appellant's convictions stem from the following facts. Appellant and a cohort forcibly entered a home in a residential neighborhood at night. Inside the home were two adult men, one adult female, and two six-year-old children. Appellant and his companion were wearing gloves and masks, and both were carrying guns. They held a gun to the head of the adult female, and also pointed their guns at the two children. Additionally, a scuffle ensued with one of the adult male victims, and he was badly beaten by Appellant

and/or his companion. Appellant and his cohort left the home with approximately $900 and gaming equipment. Appellant, who had been cut during the altercation with the victim, was subsequently identified by DNA evidence obtained from blood found inside the home. He was arrested and ultimately pled guilty to the above-stated offenses on October 21, 2019. His cohort, however, was never identified or apprehended.[1]

On December 18, 2019, Appellant was sentenced as set forth, *supra*. He filed a timely post-sentence motion for modification of his sentence, which the court denied. Appellant then filed a timely notice of appeal, and he also complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court thereafter filed a Rule 1925(a) opinion. Herein, Appellant states two issues for our review:

> A. Did the trial court abuse its discretion when it failed to consider [Appellant's] long history of mental health and substance abuse issues at sentencing?
>
> B. Did the trial court abuse its discretion when it improperly considered [Appellant's] failure to identify his codefendant to the prosecution at sentencing?

Appellant's Brief at 6 (unnecessary capitalization omitted).

Appellant's issues implicate the discretionary aspects of his sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. ***Commonwealth v. Sierra***, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant

---

[1] We glean the facts of this case from the sentencing transcript, as it appears that Appellant did not request that his guilty plea proceeding be transcribed. ***See*** N.T. Sentencing, 12/18/19, at 2-3.

challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> We conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).
>
> **Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006).  Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed.  **Commonwealth v. Mann**, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis.  **Commonwealth v. Paul**, 925 A.2d 825, 828 (Pa. Super. 2007).  A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process."  **Sierra, supra** at 912–13.

**Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting

**Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010)).

In this case, Appellant filed a timely notice of appeal and preserved his issues in his post-sentence motion.  However, he failed to include a Rule 2119(f) statement in his brief, and the Commonwealth has objected to that omission.  **See** Commonwealth's Brief at 6 (stating that Appellant's "brief does not contain a [Rule] 2119(f) statement, which is fatal to [his] brief").  Therefore, Appellant's sentencing claims are waived.  **Commonwealth v.**

*Griffin*, 149 A.3d 349, 353 (Pa. Super. 2016) ("If the Commonwealth objects to the appellant's failure to comply with [Rule] 2119(f), the sentencing claim is waived for purposes of review.") (citation omitted).[2]

Nevertheless, even if not waived, we would deem Appellant's issues meritless. It is well-settled that,

> [s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006).

Appellant contends that the trial court abused its discretion in fashioning his sentence because it failed to take into account his mental health and substance abuse issues. Appellant also avers that the court improperly considered the fact that he refused to identify his cohort in the armed robbery, which he claims violated his constitutional right to remain silent.

These arguments are unconvincing. First, the trial court had the benefit of a pre-sentence investigation (PSI) report and, therefore, we presume that the court "was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Fowler*, 893 A.2d 758, 766-67 (Pa. Super.

---

[2] We also note our displeasure with the fact that Appellant failed to attach to his brief his Rule 1925(b) statement or the trial court's opinion. *See* Pa.R.A.P. 2111(b), (d).

2006) (citation omitted). Moreover, defense counsel stressed to the court that Appellant had mental health issues since the age of 17, and detailed his diagnoses in that regard. Defense counsel also informed the court that Appellant struggles with drug addiction. N.T. Sentencing at 6-7. Several witnesses then testified on Appellant's behalf, noting his efforts at sobriety and the difficulties he has faced in his life. *See id.* at 7-14. In its Rule 1925(a) opinion, the trial court states that it considered this information, as well as the PSI report, in crafting Appellant's sentence. Trial Court Opinion, 3/25/2020, at 4. Based on this record, we would reject Appellant's claim that the court did not take into account his mental health and drug addiction issues.

We would also reject Appellant's assertion that the court improperly considered the fact that he refused to name his cohort in the robberies. Appellant urges us to conclude that in taking this fact into account, the court violated his constitutional right to remain silent. However, the record does not support Appellant's claim. Instead, the court considered the fact that he refused to name his accomplice not to punish Appellant for exercising his right to remain silent, but in assessing the impact of Appellant's crimes on the victims in this case. The court noted that the victims remain in fear that the second, unidentified robber might return to their home and assault them once again. *See id.* at 16. The court also observed that, by choosing not to name his companion, Appellant was essentially bearing sole responsibility for the egregious offenses committed in this case. *Id.* at 14. We would discern no

abuse of discretion in the court's considering Appellant's decision not to name his cohort for these purposes.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/16/2020