J-S13008-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FERNANDO RIVERA | : | |
| | : | |
| Appellant | : | No. 2291 EDA 2022 |

Appeal from the Judgment of Sentence Entered March 28, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005244-2019

BEFORE:   NICHOLS, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED AUGUST 8, 2023**

Appellant Fernando Rivera appeals from the judgment of sentence imposed after he entered an open guilty plea to aggravated assault and related offenses. Appellant's counsel (Counsel) has filed a petition to withdraw and an **_Anders_**/**_Santiago_** brief.[1] After review, we grant Counsel's petition to withdraw and affirm the judgment of sentence.

The underlying facts and procedural history of this matter are well known to the parties. **_See_** Trial Ct. Op., 11/14/22, at 1-4. Briefly, on January 11, 2019, Appellant got into an argument with Shayquan Wright (Wright) over the sale of a dirt bike. Aff. of Probable Cause, 2/15/19, at 2. Appellant then

___

[*] Former Justice specially assigned to the Superior Court.

[1] **_Anders v. California_**, 386 U.S. 738 (1967), and **_Commonwealth v. Santiago_**, 978 A.2d 349 (Pa. 2009).

shot at Wright multiple times, striking him in the neck, leg, and groin. *Id.*
Appellant was subsequently arrested in connection with the shooting, and on
July 27, 2021, Appellant entered an open guilty plea to one count each of
aggravated assault, persons not to possess firearms, firearms not to be carried
without a license, carrying firearms on public streets or public property in
Philadelphia, possessing an instrument of crime (PIC), and recklessly
endangering another person (REAP).[2]

On March 28, 2022, the trial court sentenced Appellant to concurrent
terms of seven to fourteen years of incarceration for both aggravated assault
and persons not to possess firearms. Sentencing Order, 3/28/22, at 1. The
trial court imposed no further sentence on the remaining crimes, resulting in
an aggregate sentence of seven to fourteen years of incarceration. *See id.*

On April 1, 2022, Appellant filed a timely post-sentence motion
requesting reconsideration of his sentence. The trial court docket reflects that
the post-sentence motion was denied by operation of law on August 2, 2022.

Appellant filed a notice of appeal on August 26, 2022. On August 31,
2022, the trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement.
On September 19, 2022, in lieu of Rule 1925(b) statement, Counsel filed a
notice of intent to file an *Anders*/*Santiago* brief pursuant to Rule 1925(c)(4).
The trial court subsequently issued a Rule 1925(a) opinion.

---

[2] 18 Pa.C.S. §§ 2702(a), 6105(a)(1), 6106(a)(1), 6108, 907(a), and 2705,
respectively.

- 2 -

Before we reach the issues identified in the ***Anders***/***Santiago*** brief, we first address whether Appellant's appeal is timely. ***See Commonwealth v. Capaldi***, 112 A.3d 1242, 1244 (Pa. Super. 2015) (explaining that the timeliness of an appeal impacts our jurisdiction, and this Court lacks jurisdiction over an untimely appeal). A notice of appeal must be filed within thirty days of the date of the order from which it is taken. ***See*** Pa.R.A.P. 903(a); ***see also Capaldi***, 112 A.3d at 1244. In criminal cases where the defendant files a timely post-sentence motion, the notice of appeal shall be filed within thirty days of the entry of the order deciding the post-sentence motion. ***See*** Pa.R.Crim.P. 720(B)(2)(a).

Pursuant to Rule 720 of the Pennsylvania Rules of Criminal Procedure, the trial court must rule on a defendant's post-sentence motion within 120 days. ***See*** Pa.R.Crim.P. 720(B)(3)(a). If the trial court fails to do so, "the motion shall be deemed denied by operation of law." ***See id.*** When a post-sentence motion is denied by operation of law, the clerk of courts shall enter an order deeming the motion denied by operation of law on behalf of the trial court and serve copies on the parties. ***See*** Pa.R.Crim.P. 720(B)(3)(c).

Here, although the 120-day period for the trial court to decide Appellant's post-sentence motion expired on August 1, 2022,[3] the clerk of

---

[3] The 120th day fell on Saturday, July 30, 2022, and therefore, Monday, August 1, 2022, was the first day the courts would be open following the expiration of the 120-day period. ***See*** 1 Pa.C.S. § 1908 (for computations of time, if the last day of any such period shall fall on a Saturday, Sunday, or on a legal holiday, such day shall be omitted from the computation).

- 3 -

courts did not enter the order denying Appellant's post-sentence motion by operation of law until one day later on August 2, 2022. Therefore, we conclude that a breakdown occurred. *See Commonwealth v. Patterson*, 940 A.2d 493, 498-99 (Pa. Super. 2007) (reiterating that a court breakdown occurs when the trial court clerk fails to enter an order deeming a defendant's post-sentence motions denied by operation of law pursuant to Pa.R.Crim.P. 720(B)(3)(c)). Further, the record reflects that Appellant filed his appeal within thirty days of the trial court's August 2, 2022 order. *See* Notice of Appeal, 8/26/22. Under these circumstances, we conclude that Appellant's appeal was timely. *See Commonwealth v. Willis*, 1621 EDA 2021, 2023 WL 129427, at *5 & n.11 (Pa. Super. filed Jan. 9, 2023) (unpublished mem.) (finding that the appellant's notice of appeal was timely when it was filed within thirty days from the date that the trial court belatedly entered an order denying the post-sentence motion by operation of law).[4]

Counsel has identified the following issues in the *Anders*/*Santiago* brief:

1. Is the guilty plea in this matter valid – that is, should . . . [A]ppellant be permitted to withdraw his guilty plea?

2. Was the sentence imposed upon . . . [A]ppellant by the lower court manifestly excessive?

*Anders*/*Santiago* Brief at 5.

---

[4] *See* Pa.R.A.P. 126(b) (providing that unpublished non-precedential memorandum decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

"When faced with a purported **Anders**[/**Santiago**] brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." **Commonwealth v. Wimbush**, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). Counsel must comply with the technical requirements for petitioning to withdraw by (1) filing a petition for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) providing a copy of the brief to the appellant; and (3) advising the appellant that he has the right to retain private counsel, proceed *pro se*, or raise additional arguments that the appellant considers worthy of the court's attention. **See Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

Additionally, counsel must file a brief that meets the requirements established in **Santiago**, namely:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

"Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly

frivolous." **Goodwin**, 928 A.2d at 291 (citation omitted). This includes "an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." **Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citation and footnote omitted); **accord Commonwealth v. Yorgey**, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

Here, Counsel has complied with the procedural requirements for seeking withdrawal by filing a petition to withdraw, sending Appellant a letter notifying Appellant of his intent to withdraw, explaining his appellate rights, and informing Appellant of his right to proceed *pro se* or with private counsel, and supplying Appellant with a copy of the **Anders**/**Santiago** brief. **See Goodwin**, 928 A.2d at 290. Counsel also provided this Court with a copy of his letter to Appellant informing him of his rights. Moreover, Counsel's **Anders**/**Santiago** brief complies with the requirements of **Santiago**. Counsel includes a summary of the relevant factual and procedural history, refers to the portions of the record that could arguably support Appellant's claim, and sets forth the conclusion that the appeal is frivolous. **See Santiago**, 978 A.2d at 361. Accordingly, we conclude that Counsel has met the technical requirements of **Anders** and **Santiago**, and we will proceed to address the issues presented in Counsel's **Anders**/**Santiago** brief.

The first issue Counsel identified in the **Anders**/**Santiago** brief involves the validity of Appellant's guilty plea. **Anders**/**Santiago** Brief at 26. However, Counsel explained that because Appellant did not raise this issue

- 6 -

before the trial court or move to withdraw his guilty plea, this claim is waived and cannot support a direct appeal. *See id.* at 27-28. We agree with Counsel's assessment.

It is well settled that in order to challenge the validity of a guilty plea on direct appeal, the defendant must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. *See Commonwealth v. Lincoln*, 72 A.3d 606, 609-10 (Pa. Super. 2013); Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). When the defendant fails to object or move to withdraw the plea, the issue is waived on appeal. *Lincoln*, 72 A.3d at 610. "Historically, Pennsylvania courts adhere to this waiver principle because it is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed." *Id.* (citation omitted and formatting altered).

Here, Appellant did not object to the validity of his guilty plea during the plea colloquies. *See* Written Guilty Plea Colloquy, 7/27/21; N.T. 7/27/21, at 4-27. Further, although Appellant filed a post-sentence motion, he did not challenge any aspect of the guilty plea or request to withdraw his guilty plea. *See* Post-Sentence Mot. 4/1/22. For these reasons, we conclude that Appellant failed to preserve the issue for review. *See Lincoln*, 72 A.3d at 609-10; Pa.R.A.P. 302(a). Moreover, we note that when an issue is waived, it is deemed a frivolous issue. *See Commonwealth v. Kalichak*, 943 A.2d 285, 291 (Pa. Super. 2008) (holding that when an issue has been waived,

"pursuing th[e] matter on direct appeal is frivolous").[5]  Accordingly, we agree with Counsel's assessment and conclude that Appellant's challenge to the validity of the plea is frivolous and no relief is due.

In the second issue, Counsel identifies a claim that the trial court abused its discretion in imposing Appellant's sentence.  *Anders*/*Santiago* Brief at 18.  Specifically, Counsel indicates that Appellant believes the sentence was excessive.  *Id.*  However, Counsel concludes that he cannot ethically argue that the trial court abused its discretion when it imposed Appellant's sentence.  *See id.* at 25-26.

"A challenge to an alleged excessive sentence is a challenge to the discretionary aspects of a sentence."  *Commonwealth v. Ahmad*, 961 A.2d 884, 886 (Pa. Super. 2008) (citation omitted).  It is well settled that a defendant "who pleads guilty and receives a negotiated sentence may not then seek discretionary review of that sentence."  *Commonwealth v. O'Malley*,

_____

[5] We note that, although Counsel did not raise the issue before the trial court or in a Rule 1925(b) statement, Counsel references one potential issue related to the guilty plea proceedings.  Specifically, Counsel notes that the Commonwealth did not provide a description of the firearm as defined in Section 6102, and therefore, "one could colorably argue" that the Commonwealth provided an insufficient factual basis to support Appellant's guilty plea.  *Anders*/*Santiago* Brief at 28-29.  However, Appellant did not raise this issue during his guilty plea colloquy, nor did he seek to withdraw his plea in a post-sentence motion.  Further, he did not argue this issue at any time before the trial court.  Therefore, Appellant failed to preserve an appellate challenge concerning the description of the firearm.  *See Lincoln*, 72 A.3d at 609-10; *see also* Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i).  Accordingly, it is waived, and therefore frivolous.  *See Lincoln*, 72 A.3d at 609-10; *Kalichak*, 943 A.2d at 291.

957 A.2d 1265, 1267 (Pa. Super. 2008) (citation omitted). However, where the appellant enters an open guilty plea and there is no agreement as to sentence, the appellant may challenge the discretionary aspects of their sentence on appeal. *Commonwealth v. Luketic*, 162 A.3d 1149, 1159 (Pa. Super. 2017).

It is well settled that

challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

*Commonwealth v. Proctor*, 156 A.3d 261, 273 (Pa. Super. 2017) (some citations omitted and formatting altered). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* (citation omitted).

Here, Appellant preserved his sentencing claim in a post-sentence motion and filed a timely appeal. However, Counsel did not include a Pa.R.A.P. 2119(f) statement in the *Anders*/*Santiago* brief, and Counsel concluded that

there is no "colorable" argument or question that can be raised with respect to Appellant's sentence. *See Anders*/*Santiago* Brief at 25-26.

It is well settled that:

[w]hen challenging the discretionary aspects of sentence, an appellant must include in his or her brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. If the Commonwealth objects to the appellant's failure to comply with Pa.R.A.P. 2119(f), the sentencing claim is waived for purposes of review.

*Commonwealth v. Griffin*, 149 A.3d 349, 353 (Pa. Super. 2016) (citations and quotation marks omitted).

Here, the Commonwealth argues that Appellant has failed to properly preserve his challenge to the discretionary aspects of his sentence due to his failure to include a Rule 2119(f) statement. Commonwealth's Brief at 9. Because the Commonwealth has objected to Appellant's failure to include a Rule 219(f) statement, we are constrained to find Appellant waived his challenge to the discretionary aspects of his sentence. *Griffin*, 149 A.3d at 353. Further, we reiterate that a waived issue is a deemed to be a frivolous issue. *See Kalichak*, 943 A.2d at 291.

After review, we agree with Counsel's assessment of Appellant's appeal, and we conclude that the appeal is, therefore, wholly frivolous.[6] Further, our

---

[6] Although Counsel does not specifically use the word "frivolous," Counsel concludes that he is "unable to ethically advance a colorable argument" regarding Appellant's sentence and notes that Appellant has failed to preserve
*(Footnote Continued Next Page)*

independent review of the record does not reveal any additional, non-frivolous issues for direct appeal, therefore no relief is due. *See Goodwin*, 928 A.2d at 291; *Flowers*, 113 A.3d at 1250. For these reasons, we grant Counsel's petition to withdraw and affirm the judgment of sentence.

Counsel's petition to withdraw granted. Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/8/2023

---

any challenge to his guilty plea on direct appeal. *Anders*/*Santiago* Brief at 25-26, 33. However, in his application to withdraw, Counsel specifically concludes that Appellant's issues are frivolous. *See* Appl. to Withdraw at ¶ 5 ("[A]ll possible issues to be raised in the instant appeal [are] frivolous."), ¶7 ("I ultimately determined [Appellant's issues] to be frivolous under controlling law in light of the existing record."). In light of Counsel's otherwise strictly compliant *Anders*/*Santiago* brief, which demonstrates a comprehensive understanding of the record and controlling law, we deem Counsel's conclusion is sufficient and Counsel's brief compliant with the requirements to withdraw pursuant to *Anders* and *Santiago*. *See Commonwealth v. Boodoo*, 950 EDA 2018, 2019 WL 2185511, at *2 n.3 (Pa. Super. filed May 21, 2019) (unpublished mem.) (concluding that although counsel did not use the word "frivolous" in the *Anders*/*Santiago* brief, counsel's conclusions that he could not ethically advance the defendant's claims on appeal, when viewed in light of counsel's assertions and conclusions from the application to withdraw that concluded that all possible issues are frivolous, satisfied the requirements of *Anders* and *Santiago*).