J-S43026-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY PHILLIP CLARK | : | |
| | : | |
| Appellant | : | No. 896 EDA 2024 |

Appeal from the Judgment of Sentence Entered December 8, 2023
In the Court of Common Pleas of Lehigh County
Criminal Division at No:  CP-39-CR-0003612-2022

BEFORE:  BOWES, J., STABILE, J., and KUNSELMAN, J.

MEMORANDUM BY STABILE, J.:                    **FILED APRIL 21, 2025**

Appellant, Anthony Phillip Clark, appeals from the judgment of sentence entered on December 8, 2023, in the Court of Common Pleas of Lehigh County.  On appeal, Appellant challenges the discretionary aspects of his sentence.  Upon review, we affirm.

The trial court summarized the factual and procedural background as follows.

> [A]ppellant entered guilty pleas to rape and involuntary deviate sexual intercourse.  He was literally caught with his pants down sexually assaulting the ninety-four (94) year old victim, who was a resident at South Mountain Memory Care (hereinafter South Mountain) due to her dementia.  She was incapable of caring for herself and verbally uncommunicative.
>
> On the day of the attack, [February 2, 2022,] a nurse walked into the victim's room and observed [Appellant] between the victim's legs.  The victim's nightgown was pushed up and she was not wearing any undergarments. [A]ppellant's pants were down and his buttocks was exposed.

The police were contacted[,] and the victim braved a sexual assault kit. DNA, or seminal material, was taken from the [victim's] vagina and anus. A search warrant was secured for [A]ppellant's DNA, and it was determined that the DNA secured from [A]ppellant matched the DNA found in the victim's vagina and anus.

Trial Court Opinion, 5/1/24, at 1-2 (unnecessary capitalization, footnotes, citations to the record, and internal quotation marks omitted).[1]

On August 21, 2023, Appellant plead guilty to rape of a person who suffers from a mental disability, 18 Pa.C.S.A. § 3121(a)(5), and involuntary deviate sexual intercourse of a person who suffers from a mental disability, 18 Pa.C.S.A. § 3123(a)(5). On December 5, 2023,

[A]ppellant was sentenced to not less than ten (10) years nor more than twenty (20) years for each count . . . . Both sentences were ordered to run consecutively, resulting in a total sentence of not less than twenty (20) years nor more than forty (40) in a state correctional institution.

A post-sentence motion was filed, which contained a "Motion to Modify Sentence" for a variety of reasons, including the imposition of consecutive sentences, and that the sentences were excessive. . . .

On February 26, 2024, the "Motion to Modify Sentence" was denied. A timely notice of appeal was filed[.]

Trial Court Opinion, 5/1/24, at 3. This appeal followed.

Appellant argues that the sentencing court imposed a sentence outside the aggravated range of the sentencing guidelines, which was excessive and

_____

[1] The victim passed away on June 15, 2022. The charges against Appellant were filed on July 28, 2022.

unreasonable, as it focused on the seriousness of the offense. Second, Appellant argues that the sentencing court failed to consider mitigating factors and/or sentencing factors. Third, Appellant argues that the sentencing court failed to provide "appropriate" reasons for imposing a sentence outside the aggravated range of the sentencing guidelines. Appellant's Brief at 4, 7-9, 12-13.[2] We disagree.

Appellant's arguments implicate the discretionary aspects of his sentence. *See, e.g., Commonwealth v. Boyer*, 856 A.2d 149, 152 (Pa. Super. 2004) (stating a claim that the trial court imposed a manifestly excessive sentence and focused solely on the serious nature of the crimes he committed implicates the discretionary aspects of a sentence).

Issues concerning the discretionary aspects of a sentence are not appealable as of right. To invoke this Court's jurisdiction, an appellant must satisfy the following four-pronged test by demonstrating that he: "(1) timely

_____

[2] Appellant stated his claim for our review as follows:

> Whether the lower court abused its discretion in imposing manifestly excessive and unreasonable sentences for rape and involuntary deviant sexual intercourse which are both at the statutory maximum limit when the court failed to consider any significant mitigating factors, failed to apply and review any of the necessary factors set forth in 42 Pa.C.S.A. § 9721(b) and 42 Pa.C.S.A. § 9781(c) and (d) or otherwise failed to set forth appropriate reasons for it deviation [sic] from the standard sentencing ranges and sentenced Appellant based upon the seriousness of the offense[.]

Appellant's Brief at 4.

appealed; (2) properly preserved his objection in a post-sentence motion; (3) included in his brief a Pa.R.A.P. 2119(f) concise statement of the reasons relied upon for allowance of appeal; and (4) raised a substantial question that the sentence is inappropriate under the Sentencing Code." ***Commonwealth v. Strouse***, 308 A.3d 879, 882 (Pa. Super. 2024).

An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of the sentence. Pa.R.A.P. 2119(f). Where the Commonwealth objects to an appellant's failure to fulfill the requirements of Rule 2119(f), "the sentencing claim is waived for purposes of review." ***Commonwealth v. Griffin***, 149 A.3d 349, 353-54 (Pa. Super. 2016).

Appellant here timely filed a motion for reconsideration and timely appealed from the judgment of sentence. Additionally, Appellant, included in his brief a separate concise statement of reasons relied upon for appeal. Finally, Appellant raised a substantial question for our review. ***See***, ***e.g.***, ***Commonwealth v. Lawrence***, ***J.***, 960 A.2d 473, 478 (Pa. Super. 2008) (an averment that the court sentenced based solely on the seriousness of the offense and failed to consider all relevant factors raises a substantial question). Accordingly, we proceed to address the merits of Appellant's claims.

In considering the discretionary aspects of Appellant's sentence, we note that sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. *See Commonwealth v. Lawrence*, *D.*, 313 A.3d 265, 285 (Pa. Super. 2024). In this context, an abuse of discretion requires the sentencing court to have ignored or misapplied the law, otherwise acted with manifest unreasonableness, or made its decision while exhibiting partiality, prejudice, bias, or ill-will; a sentence will be affirmed unless the sentencing court's determination suffers from such a lack of support so as to be clearly erroneous. *Id.*

Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S.A. § 9781(c) and (d).

Subsection 9781(c) provides:

The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S.A. § 9781(c).

In reviewing the record, we consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation [(PSI)].

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d).

Furthermore,

[w]hen imposing a sentence, the sentencing court is required to consider the sentence ranges set forth in the Sentencing Guidelines, but it not bound by the Sentencing Guidelines. *Commonwealth v. Yuhasz*, 592 Pa. 120, 923 A.2d 1111, 1118 ([Pa.] 2007) ("It is well established that the Sentencing Guidelines are purely advisory in nature."); *Commonwealth v. Walls*, 926 A.2d 957, 965 [(Pa. 2007)] (referring to the Sentencing Guidelines as "advisory guideposts" which "recommend ... rather than require a particular sentence"). The court may deviate from the recommended guidelines; they are "merely one factor among many that the court must consider in imposing a sentence." *Yuhasz*, 923 A.2d at 1118. A court may depart from the guidelines "if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community." *Commonwealth v. Eby*, 784 A.2d 204, 206 (Pa. Super. 2001). When a court chooses to depart from the guidelines however, it must "demonstrate on the record, as a proper starting point, his awareness of the sentencing guidelines." *Eby*, 784 A.2d at 206. Further, the court must "provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines." 42 Pa.C.S.A. § 9721(b).

*Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa. Super. 2008).

At issue here is the imposition of a sentence outside of the sentencing guidelines. To this end, we have held that

> when deviating from the sentencing guidelines, a trial judge must indicate that [s]he understands the suggested ranges. However, there is no requirement that a sentencing court must evoke "magic words" in a verbatim recitation of the guidelines ranges to satisfy this requirement. Our law is clear that, when imposing a sentence, the trial court has rendered a proper contemporaneous statement under the mandate of the Sentencing Code so long as the record demonstrates with clarity that the court considered the sentencing guidelines in a rational and systematic way and made a dispassionate decision to depart from them.

***Commonwealth v. Beatty***, 227 A.3d 1277, 1287-88 (Pa. Super. 2020) (internal citations and quotation marks omitted).

When reviewing a sentence outside of the guideline range, the essential question is whether the sentence imposed was reasonable. ***Walls***, 926 A.2d at 962. An appellate court must vacate and remand a case where it finds that "the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable." 42 Pa.C.S.A. § 9781(c)(3). In making a reasonableness determination, a court should consider the factors set forth in 42 Pa.C.S.A. § 9781(d).

Both offenses for which Appellant was convicted are felonies of the first degree. By statute, a court may not impose a sentence of more than 20 years for first-degree felonies. 18 Pa.C.S.A. § 1103(1). The court imposed sentences of not less than 10 years and not more than 20 years in prison for each of the two crimes for which Appellant was convicted; each to be served consecutive to the other. Each crime therefore was sentenced to a minimum

of 120 months, resulting in a minimum combined confinement of 20 years or 240 months. The court's sentence was within the statutory range for the crimes committed. There is no dispute however, that the sentence imposed was above the aggravated range of the sentencing guidelines. Under the guidelines as of the time these crimes were committed, the offense gravity score for each offense was 12. *See* 204 Pa. Code. § 303.15. Appellant's prior score was zero. As such, the standard range for the minimum sentence for each offense was 48-66 months. *See* 204 Pa. Code. § 303.16(a). Aggravation could extend these minimums by 12 months for a range of 60 to 78 months of minimum confinement, or a combined range of 120 to 156 months for the crimes committed. The aggregate minimum sentence imposed for both crimes of 240 months under statute was twice the aggregated aggravated minimum of 120 months under the guidelines.

Instantly, the trial court clearly articulated the reasons for deviating from the sentencing guidelines at the sentencing hearing, *see* N.T. Sentencing, 12/5/23, at 48-53, which the sentencing court summarized as follows:

> The assault on a vulnerable victim, who[,] by [A]ppellant's own admission[,] was incapable of protecting herself, was a significant factor in the sentence imposed. [A]ppellant demonstrated that he was a danger to the community he was employed to protect. Even so, [the sentencing] court considered [A]ppellant's age, lack of prior record, and lack of misconducts in imposing sentence. However, [A]ppellant, by his actions, took "deviancy to an entirely different level," and was sentenced to the statutory maximums. The sentence in this case was outside the guidelines, but it was not unreasonable. . . . The sentence imposed for the rape of the

> ninety-four (94) old victim is not irrational. It took into account the protection of the public, the gravity of the offense as it relates to the impact of the victim and on the community, and rehabilitative needs of [A]ppellant, which would include sex offender treatment.

Trial Court Opinion, 5/1/24, at 4-5. Additionally, the record shows that the sentencing court also presided over the guilty plea hearing and was therefore familiar with the factual background and had the opportunity to observe Appellant at the guilty plea and sentencing hearings. The sentencing court acknowledged considering the presentence investigation report and the sexual violent predator assessment, that provided all pertinent information about Appellant's history and characteristics. Furthermore, the sentencing court acknowledged consideration of the testimony of the witnesses who testified at the sentencing hearing about the victim, and Appellant's counsel's arguments.[3] N.T. Sentencing, 12/5/23, at 48-49. Finally, the sentencing court acknowledged the applicable guidelines but stated that "with all of that said, any lesser sentence that I'm about to impose would depreciate the seriousness of this. This is the type of deviance that exceeds the bounds of decency." *Id.* at 51. With this background, we have no hesitation in concluding that the sentence imposed was not unreasonable. *See* 42 Pa.C.S.A. § 9781(d).

To the extent that Appellant argues that the reasons for his lengthy sentence were not provided on the record, the claim is easily disproved by the

_____

[3] Appellant argued for standard range sentences.

record.  *See* N.T. Sentencing, 12/5/23, at 48-53.  Accordingly, the claim is meritless.

It is unclear what Appellant means when he claims that the sentencing court did not provide "appropriate" reasons for deviating from the guidelines. The sentencing court clearly stated that it considered all the evidence brought before it, including mitigating circumstances.  "However, all of those facts and anything good that can be said about [Appellant] pales in comparison with the enormity of the crime that he has committed here."  *Id.* at 49.  Thus, to the extent, Appellant equates "appropriate" with "sufficient," the sentencing court provided ample reasons for deviating from the sentencing guidelines.  It seems, therefore, that the real claim here is not the sufficiency of the explanation but the weight the sentencing court assigned to those factors and circumstances.  Thus, Appellant is essentially arguing that he is unhappy with the way the sentencing court weighed those factors/considerations, expecting us to reverse the judgment call made by the sentencing court and replacing it with a more favorable weighing of those factors.  We cannot do that.  *See* *Lawrence*, *D.*, 313 A.3d at 286 ("The balancing of the sentencing factors is the sole province of the sentencing court, which has the opportunity to observe the defendant and all witnesses firsthand."  In conducting our review, this Court "cannot reweigh sentencing factors and impose judgment in place of [the] sentencing court where [the] lower court was fully aware of all mitigating factors") (internal citation and quotation marks omitted) (alteration in original).  Additionally, weighing those factors inconsistently with

Appellant's wishes is not an abuse of discretion. ***See Commonwealth v. Raven***, 97 A.3d 1244, 1255 (Pa. Super. 2014) (rejecting Raven's abuse of sentencing discretion claim, explaining that "[t]he gist of Raven's argument is not that the court failed to consider the pertinent sentencing factors, but rather that the court weighed those factors in a manner inconsistent with his wishes" and that "the court carefully considered all of the evidence presented at the sentencing hearing"). Thus, no relief is due.

In light of the foregoing, we conclude that the trial court did not abuse its sentencing discretion.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/21/2025