J-S37002-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HENRY JEFFERSON | : | |
| | : | |
| Appellant | : | No. 648 EDA 2025 |

Appeal from the Judgment of Sentence Entered January 31, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008847-2023

BEFORE:  DUBOW, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED OCTOBER 31, 2025**

Appellant, Henry Jefferson, appeals from the January 31, 2025 aggregate judgment of sentence of 3 to 6 years of incarceration entered in the Philadelphia County Court of Common Pleas following his conviction by a jury of Strangulation, Theft by Unlawful Taking, and Simple Assault.[1] Appellant challenges the sufficiency and weight of the evidence and the discretionary aspects of his sentence.  After careful review, we affirm.

The relevant facts and procedural history are briefly as follows.  On November 5, 2023, Appellant found a text message on the phone of his then-girlfriend ("Victim") from an unknown number, which caused the two to begin to argue over Victim's possible infidelity.  When the argument escalated,

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2718(a)(1), 3921(a), and 2701(a)(1), respectively.

Appellant assaulted Victim by pushing her to the ground, wrapping his right hand around her neck, and cutting off her breathing. While Victim was struggling to free herself from Appellant, Appellant grabbed Victim's necklace, ripped it off her neck, and threw it. Victim eventually freed herself from Appellant and Appellant then stood up. Victim then pushed Appellant away from her, prompting Appellant to reach for Victim's car keys, which were attached to Victim's cross-body bag, ripping the keys off the bag and breaking the bag in the process. Appellant then fled with Victim's phone in Victim's car.

Victim called the police to report the assault. The police took witness statements and sent out a description of Victim's car over the radio. Shortly thereafter, the on-scene officers received information that a car matching the description of Victim's car had been stopped less than one-half mile away. The officers took Victim to identify the car and Appellant. Once identified, the officers arrested Appellant and found two cell phones in his pocket, one belonging to Victim.

Following a trial, the jury convicted Appellant of the above charges. The court deferred sentencing pending preparation of a pre-sentence investigation ("PSI") report.

On January 31, 2025, after considering, *inter alia*, the PSI report, the court imposed consecutive terms of 2½ to 5 years of incarceration and 6 to 12 months of incarceration for Appellant's Strangulation and Simple Assault convictions, respectively. The court also imposed a concurrent term of 7 years of reporting probation for Appellant's Theft conviction.

Appellant filed a timely post-sentence motion for reconsideration of sentence in which he asserted his belief that "a more mitigated sentence is appropriate" because he has "the ability to work," "strong family support," "a child that he loves and supports," and he expressed remorse. Motion, 2/3/25, at ¶¶ 2-4, 6, 7. He also highlighted the testimony of his family that he has a "peaceful character." *Id.* at ¶ 5. Appellant did not raise any challenge to the weight of the evidence in his post-sentence motion.

The trial court denied Appellant's post-sentence motion and this appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

1. Whether the sentence imposed on [Appellant] was unduly harsh and excessive and an abuse of discretion since the lower court failed to properly consider all of the sentencing factors of 42 Pa.C.S.[] § 9721(b) or any mitigating evidence when it imposed the sentence in question?

2. Whether the verdict of guilty on all offenses was against the weight of the evidence?

3. Whether the evidence introduced at trial and all reasonable inferences derived from the evidentiary record, viewed in the light most favorable to the Commonwealth as verdict[-]winner, is insufficient to establish all elements of Strangulation beyond a reasonable doubt as to [Appellant]?

4. Whether the evidence introduced at trial and all reasonable inferences derived from the evidentiary record, viewed in the light most favorable to the Commonwealth as verdict[-]winner, is insufficient to establish all elements of [T]heft beyond a reasonable doubt as to [Appellant]?

5. Whether the evidence introduced at trial and all reasonable inferences derived from the evidentiary record, viewed in the light most favorable to the Commonwealth as verdict[-]winner,

is insufficient to establish all elements of [S]imple [A]ssault beyond a reasonable doubt as to [Appellant]?

Appellant's Brief at 10 (reordered for ease of disposition).

**\*\*\***

In his first issue, Appellant challenges the discretionary aspects of his sentence. *Id.* at 22-24.

An appellant raising such a challenge to the discretionary aspects of his sentence is not entitled to review as of right; rather, a challenge in this regard is properly viewed as a petition for allowance of appeal. 42 Pa.C.S. § 9781(b); *Commonwealth v. Tuladziecki*, 522 A.2d 17, 18-19 (Pa. 1987); *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014). In order to obtain this Court's review, an appellant challenging the discretionary aspects of his sentence must comply with the following requirements: (1) file a timely notice of appeal; (2) preserve the issue at sentencing or in a motion to reconsider and modify sentence; (3) include within his brief a concise statement of the reasons relied upon for allowance of appeal as required by Pa.R.A.P. 2119(f); and (4) raise a substantial question that the sentence is inappropriate under the Sentencing Code. *Commonwealth v. Griffin*, 149 A.3d 349, 353 (Pa. Super. 2016).

Rule 2119(f) requires an appellant who challenges the discretionary aspects of a sentence in a criminal matter to "set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." Pa.R.A.P. 2119(f). The Rule 2119(f) statement must "immediately precede the

argument on the merits with respect to the discretionary aspects of the sentence." *Id.*

If an appellant fails to include a Rule 2119(f) statement and the Commonwealth objects, the appellant has waived his discretionary sentencing claims. *See Griffin*, 149 A.3d at 353. Here, Appellant filed a timely appeal. Appellant has, however, neglected to include a 2119(f) Statement in his Brief and the Commonwealth has objected to the omission. *See* Commonwealth's Brief at 8. We, thus, conclude that Appellant has waived his challenge to the discretionary aspects of his sentence.

\*\*\*

In his second issue, Appellant claims that the verdict is against the weight of the evidence. Appellant's Brief at 26-29. Appellant did not, however, raise and preserve his weight challenge in the trial court. *See Commonwealth v. Rivera*, 238 A.3d 482, 497 (Pa. Super. 2020) (explaining that an appellant must preserve a weight challenge before sentencing or in a post-sentence motion). As a result, this issue is waived. Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").

\*\*\*

In his final three issues, Appellant purports to challenge the sufficiency of the evidence in support of each of his three convictions. Appellant's Brief at 24-26. Our review of Appellant's arguments, however, indicates that Appellant in fact assails the jury's credibility determinations and weight that

it placed on Victim's testimony. **See Commonwealth v. Gaskins**, 692 A.2d 224, 227 (Pa. Super. 1997) ("[C]redibility determinations are made by the fact finder and [] challenges thereto go to the weight, and not the sufficiency, of the evidence."). As noted above, Appellant did not raise and preserve a weight of the evidence challenge in the trial court. Accordingly, he has waived these claims.[2]

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/31/2025

_____

[2] Even if we construed Appellant's claims as a sufficiency of the evidence claims, we would find them waived. Although Appellant has provided citations to boilerplate authority regarding our standard of review, he has failed to discuss the facts of this case in the context of relevant case law and failed to include the text of the statutes whose elements he alleges the Commonwealth did not prove. **See** Pa.R.A.P. 2119(a)-(c). His failure to develop the argument in accordance with our Rules of Appellate Procedure would render us unable to conduct meaningful appellate review and we would, therefore, have found them waived. **See Coulter v. Ramsden**, 94 A.3d 1080, 1088 (Pa. Super. 2014) ("Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived."); **see also Commonwealth v. Kane**, 10 A.3d 327, 331 (Pa. Super. 2010) (citations omitted) (where "defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.").